'08 CIV 4327



249-08 /DPM/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
STOLTHAVEN HOUSTON, INC.,
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Don P. Murnane, Jr. (DPM 3639)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

STOLTHAVEN HOUSTON, INC.,

        Plaintiff,

  -against-

RACHEL B, its engines, tackle apparel, etc., *in rem*, and
HILTVEIT ASSOCIATES, INC. and ZAREPTA
CHEMICAL KS, *in personam,*

        Defendants.
-----------------------------------------------------------------------x

**08 CIV.**  (  )

**VERIFIED COMPLAINT**

Plaintiff, STOLTHAVEN HOUSTON, INC., by its attorneys Freehill Hogan & Mahar,

LLP, as and for its Verified Complaint against the RACHEL B. its engines, tackle apparel, etc. *in*

*rem*, and HILTVEIT ASSOCIATES, INC., and ZAREPTA CHEMICAL KS, *in personam*, in a

cause of maritime contract for services within the admiralty and maritime jurisdiction of this

Honorable Court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure,

alleges upon information and belief as follows:

### I. JURISDICTION AND VENUE

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure as hereinafter more fully appears.

2.    Venue is proper under 28 U.S.C. §1395(d), as the vessel is or will be located within the Southern District of New York.

## II. THE PARTIES

3.    Plaintiff STOLTHAVEN HOUSTON, INC. ("Plaintiff" or "the Terminal") is a business entity duly organized and existing by virtue of law with its principal place of business at 15602 Jacintoport Boulevard, Houston, Texas 77015.

4.    The M/T RACHEL B was and now is a merchant tank vessel owned, operated, and managed by HILTVEIT ASSOCIATES, INC. and/or ZAREPTA CHEMICAL KS, and is or will be during the pendency of this action within the jurisdiction of this Honorable Court. The RACHEL B is presently or will be within the jurisdiction of this Court and *in rem* service can be accomplished by seizure of the vessel.

5.    At all relevant times hereto, Defendant HILTVEIT ASSOCIATES, INC. ("Hiltveit") is a New York corporation, with an office and principal place of business at 150 Motor Parkway, Hauppauge, NY, 11788, and was, and still is, the manager of the M/T RACHEL B.

6.    At all relevant times hereto, Defendant ZAREPTA CHEMICAL KS ("Zarepta") is a corporation organized and existing under the law of a foreign country, with a principal place of business at Grev Wedels Plass 9 c/o Fearnley Finans AS 0151 Oslo, Norway, and was, and still is, the registered owner of the M/T RACHEL B.

## III. FACTS AND CLAIM

7.    Pursuant to maritime contracts with the Vessel's owner, Zarepta, and its manager, Hiltveit, Plaintiff provided terminal services to the RACHEL B beginning on March 4, 2008. While berthed at the Terminal's dock in the Port of Houston, the Vessel was detained by the

United States Coast Guard such that it did not timely vacate the berth thereby preventing the Terminal from serving its next vessel. The Vessel did not vacate the berth until approximately 2200 hours on March 7, 2008.

8.     Pursuant to Stolthaven's Marine Tariff (2007), failure to promptly vacate the Terminal's dock results in an additional $5,000.00 per hour charge (See Exhibit A, at p.3, which is attached hereto and incorporated herein for all purposes as if set forth verbatim). At 1406 hours on March 5, the Terminal issued notice to Owners to vacate the berth. (See Exhibit B, e-mail exchange with Defendant Hiltveit dated March 5-6, 2008). However, the RACHEL B did not vacate the berth until at least 53 hours later. (See Exhibit C, Invoice, which is incorporated herein for all purposes as if set forth verbatim). This delay prevented the Terminal from using the berth for other cargo operations.

9.     All such services provided by Plaintiff give rise and constitute a maritime lien pursuant to 46 U.S.C. § 31341, *et seq.* or constitute a maritime lien arising from breach of a maritime contract.

10.    The reasonable value of such services, which were supplied directly to the RACHEL B, as well as can presently be determined, is $269,754.38 (Two hundred sixty nine thousand seven hundred fifty four dollars and 38 cents) plus interest and costs. (See Exhibits A and C).

11.    Plaintiff has made demand for payment upon the Defendants herein, yet none of the amounts due and owing have been paid. (See Exhibits C and D, e-mail letter from Plaintiff to Defendant Hiltveit, dated  March 7, 2008).

## IV.  RULE B ATTACHMENT AGAINST DEFENDANT ZAREPTA

12.    This action is also brought in order to obtain security in favor of the Plaintiff in respect to its claim against Defendant Zarepta for unpaid marine services, including but not limited to interest and costs.

13.    After investigation, the Defendant Zarepta cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

14.    As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by the Plaintiff against Zarepta includes:

(a) Claim for unpaid marine services provided to the M/T RACHEL in the sum of $269,754.38;

(b) Interest in the sum of $48,555.79, calculated on the above sum at the rate of 9% per annum, the statutory interest rate in the State of New York, for two years the estimated time it will take to obtain a final judgment against Zarepta.

15.    Based upon the foregoing, the total amount Plaintiff seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$318,310.17.**

## V. DEMAND AND JUDGMENT

WHEREFORE, PREMISES CONSIDERED, Plaintiff Stolthaven Houston Inc., prays as

follows:

a. That process in due form of law according to the practice of this Court may issue against Defendants Hiltveit and Zarepta, citing them to appear and answer the foregoing, failing which a default will be taken against them for the principal amount of the claim of $269,754.38 plus interest and costs;

b. That if the Defendant Zarepta cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$318,310.17** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the defendant at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein;

c. That this Court enter judgment against the RACHEL B, *in rem*, Hiltveit Associates, Inc. and Zarepta Chemical KS, *in personam*, in favor of Plaintiff in the amount of at lease $269,754.38 plus interest, attorneys' fees, costs of Court, as well as other damages which may be awarded;

d. That the United States Marshal be directed to seize the RACHEL B;

e. That, if no bond is provided, said vessel be sold by the U.S. Marshal under Supplemental Rules for Certain Admiralty and Maritime Claims and the local rules of this Court; and,

f. That judgment be entered against Defendants for any other relief to which Plaintiff may be justly entitled at law and in equity.

Dated: New York, New York
May 7, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for STOLTHAVEN HOUSTON, INC.

By: _____
Don P. Murnane, Jr. (DPM 3639)
Manuel A. Molina (MM 1017)

## ATTORNEY VERIFICATION

State of New York     )
                      ) ss.:
County of New York  )

Don P. Murnane Jr., being duly sworn, deposes and says:

1.      I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the

Plaintiff in this action.  I have read the foregoing Verified Complaint and know the contents

thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications

from our client and documents provided by our client regarding this claim.

3.      The reason this verification is made by an attorney and not by the Plaintiff is

because the Plaintiff is a foreign entity, none of whose officers are presently within the State of

New York.

_____
Don P. Murnane Jr.

Sworn to before me this
7 th day of May, 2008

_____
NOTARY PUBLIC

        HAZEL S. ROSENTHAL
    Notary Public, State of New York
            No. 01RO4641178
        Qualified in Queens County
        Certified in New York County
    Commission Expires Dec. 31, 2010

# EXHIBIT A



# STOLTHAVEN HOUSTON INC.

# MARINE TARIFF

**Revised April 1, 2007**

## VESSEL TENDERING RULES:

The proper tendering of ships and barges at Stolthaven Terminal is considered to be a very intrical part of traffic control and allows us to provide efficient turn around times for all vessels calling the facility. Stolthaven Terminal operates on a first come, first serve basis with regards to tendering times. The tendering rules set forth are to be strictly adhered to at all times without deviation.

When tendering a vessel to Stolthaven, docking instructions will be given at that time with regards to dock assignment, side along side and estimated berthing prospects. A ship or barge that still has a product hose connected and attempts to tender to Stolthaven will be considered an illegal tender. Any vessel or vessel's agent attempting to illegally tender to Stolthaven will be assessed a $5000.00 fine. Full payment of this fine will be required in advance before the vessel is allowed to be berthed at Stolthaven.

### Ships

When tendering a ship to Stolthaven, the ship must be ready in all respects to load/unload cargo. Ships may tender to the terminal when arriving the Galveston Bar location or from other berths. When tendering from other berths, all product hoses must be disconnected from the vessel before the tender is considered valid or legal. Upon tendering a ship to the terminal, the ship will receive a tender confirmation number. This confirmation number will be used in the case that any disputes arise with regards to the legal tendering of a vessel to the terminal. If a vessel or vessel's agent does not secure a tender confirmation number from the terminal, the ship will not be considered legally tendered to the facility.

### Barges

Barges may tender to Stolthaven at any time they are ready in all respects to load/unload cargo. Barges may tender from the barge fleets located within the Houston/Galveston area or within 4 hours sailing time to the terminal or from other berths. When tendering a barge from another berth, all product hoses must be disconnected from the barge before the tender is considered valid or legal. Barges tendering from cleaning facilities may tender once the barge is considered clean, dry and odor free. No tenders will be accepted from barges at a cleaning facility that are undergoing the cleaning process. Upon tendering a barge to the terminal, the barge will receive a tender confirmation number. This confirmation number will be used in the case that any disputes arise with regards to the legal tendering of a barge to the terminal. If a barge or barge's agent does not secure a tender confirmation number from the terminal, the barge will not be considered legally tendered to the facility.

### Ship & Barge Readiness

For clarification with regards to ship/barge readiness, during times of high congestion within the Port of Houston and or Stolthaven, the terminal may require that ship/barge tanks be pre-inspected, pre-purged and or pre-sampled before arriving at the dock based on customer requirements.

A.     LAYBERTH CHARGES:

Stolthaven Houston (herein referred to as the TERMINAL) offers the use of the TERMINAL's docks for the purpose of layberth for any approved vessel. Layberth utilization shall not interfere or conflict in any way with vessels conducting or desiring to conduct regular contractual activities at the TERMINAL's docks. Vessels wishing to layberth at the TERMINAL's docks must first request and receive approval from the TERMINAL's Customer Service Department and the Operations Department.

Upon receipt of four (4) hours notice for ships and two (2) hours notice for barges, the TERMINAL dock shall be promptly vacated at the vessel's expense. Failure to comply with the TERMINAL's vacant rule can result in an additional $5,000 per hour charge from the end of the notice period until the dock is vacated. Vessel must be cargo ready upon arrival. If not, layberth will start incurring.

The TERMINAL reserves the right to require any vessel to immediately vacate the TERMINAL's dock for any violation of the TERMINAL's rules and regulations.

The TERMINAL requires ships to keep the mooring lines tendered at all times as per the ISGOTT manual. Minimum mooring is four (4) spring lines and two (2) breast lines.

1.     Ships at Docks 2 and 3:  (Layberth Only)

Layberth shall be charged based on the overall length of the vessel, as shown in the Lloyd's Register of Shipping. If the ships length is not available in the Lloyd's Register of Shipping, the ship's Certificate of Register, showing length, will be accepted.

| L.O.A. in Feet | Rate per Foot per 12 Hour Period |
|----------------|----------------------------------|
| 0-500          | $4.86                            |
| 501-550        | $5.72                            |
| 551-600        | $6.58                            |
| 601-700        | $7.44                            |
| 701-800        | $8.58                            |
| 801-860        | $10.58                           |

The minimum charge for any ship will be at the above rate for the first period of twelve (12) hours or any fraction thereof (i.e. minimum 12 hour layberth charge)

2.     After the first twelve (12) hours, any period of berth occupancy of twelve hours (12) or less will be billed at one-half (1/2) of that day's rate. ($1325.00 minimum per 12 hours, after the first 12 hours)

2.    Barges at Ship Dock 2 and 3 or Barge Dock:

| L.O.A. in Feet | Rate per 12 Hour Period |
|---|---|
| Flat Rate for all barges | $400.00 |

The minimum charge for any barge will be at the above rate for the first twelve (12 hours or any fractional thereof. (i.e. minimum 12 hour layberth charge)

If a vessel shifts from one TERMINAL berth to another during the first twelve (12) hour layberthing period, a switching fee of one-half (½) the rate for the first twelve (12) hour period rate will be charged in addition to all standard layberthing fees. If the vessel is outside the first period, a new layberthing period will begin with the time beginning when the vessel is made fast on the latter berth.

The physical capabilities of the Stolthaven Houston Dock are as follows:

SHIP DOCKS 2 & 3

| L.O.A. | SHIPS: | 860 Feet Maximum and 375 Feet Minimum |
| | BARGE: | 2 Barge Lengths Maximum for #3 Dock |
| | | 1 Barge Length Maximum for #2 Dock |
| BEAM | SHIPS: | 140 Feet |
| | BARGE: | 2 Barge Width Maximum |
| DRAFT | | 40 Feet |

(NO BARGES LEFT UNATTENDED AT ANY TIME)

All alongside barges must obtain prior authorization from the TERMINAL and **NO** alongside barges are allowed while another vessel is berthing in the common slip area for either dock. The vessel will pay any fees associated with compliance to this requirement. Failure to comply with a two (2) hour notice to vacate the slip on barge alongside operations will result in an additional $5,000.00 (Five Thousand Dollars) per hour charge from the end of the two (2) hour notice period until the slip is vacated plus all ship berthing delay costs and fees for the other services rendered.

BARGE DOCK C:

| L.O.A. | BARGE: | 300 Feet Maximum |
| BEAM | BARGE: | 2 Barge Width Maximum |
| DRAFT | | 14 Feet |

(NO BARGES LEFT UNATTENDED AT ANY TIME)

Vessel L.O.A. (Length Overall) for size limitations and billing will be based upon the Lloyd's Register of Shipping or if not in the Lloyd's Register, will be based on the ship's Certificate of Register. In cases of dispute, the final decision as to the L.O.A. will always rest with the TERMINAL.

B.    LIGHTERING CHARGES & TERMS:

Any and all lightering operations must be cleared through the TERMINAL Marketing Department to insure all regulatory, safety and cost issues are evaluated prior to cargo vessels arriving at the TERMINAL. While the TERMINAL offers access to the facility foroverboard vessel to vessel transfers, the TERMINAL is strictly regulated by State and Federal agencies with reference to operations, safety, vapor emissions, wastewater and residue generation.

The TERMINAL has a Marine Flare at "C" Dock and #2 and #3 Ship Dock due to specific requirements mandated by the TERMINAL's air permit. Lightering operations of specific products, may require vapor recovery to the marine flare. Vessels discharging to barges that require vapor recovery will have to provide cross over piping for vapor hose connections. The TERMINAL will provide vapor hose from dock to vessel. Vessel to barge vapor hose will be the responsibility of the vessel or barge.

Any unauthorized lightering operation conducted at the TERMINAL's docks will result in a minimum additional charge of $5,000.00 (Five Thousand Dollars) per unauthorized lightering. Any additional fines, penalties, fees and the applicable transfer charges will be paid by the responsible party(s) in addition to this $5,000.00 (Five Thousand Dollars) charge; furthermore, no portion of the $5,000.00 (Five Thousand Dollars) will be credited toward any other costs.

When overboard lightering is in progress a close communication with pilots and TERMINAL operations is required, as all operations must stop and the barge must disconnect when another vessel is berthing in the common slip area. (i.e., no overboard at 2 Dock while berthing at 1 Dock and no overboard at 3 Dock while berthing at 4 Dock) Violations will result in a fine of $5,000.00 (Five Thousand Dollars) per hour from the end of the two (2) hour notice period.

The TERMINAL will act in full compliance with the Texas OSPRA and Federal OPA regulations which requires the General Land Office to be called out for any discharges to the waterway, regardless of size, hazard or countermeasure. If the TERMINAL is made liable for a G.L.O. call out fee or any other costs associated with the discharge, these costs will be billed to the vessel or barge owner. These fees will be in addition to all cleanup, response,

demurrage, wharfage and other costs incurred by the TERMINAL as a result of the incident. As the shore facility is required to provide assistance in spill response, an MSDS for the product being lightered must be sent to the TERMINAL before the barge arrives at the facility.

ALL REQUESTS FOR ANY ACTIVITY AND/OR CANCELLATIONS MUST BE RECEIVED IN WRITING PRIOR TO ACTIVITY OCCURRING.

Any barge arriving after the cargo vessel has docked, and with no prior notification or agreement made with SHVNH, will be considered "unauthorized" and will be subject to additional charges as outlined in this tariff.

1.    Direct Board to Board Transfer Fees (Per Product)

| | |
|---|---|
| 0 – 1,000 metric tons | $2.86 |
| 1,001 – 2,500 metric tons | $2.75 |
| 2,501 – 5,000 metric tons | $2.63 |
| > 5,000 metric tons | $2.40 |

A minimum charge of $2,000.00 will apply.  If no shoreside product operations are in progress a layberthing fee will be charged in addition to all other charges.

It will be the responsibility of the vessel, barge company or customer to arrange cargo hoses and hose handling.  Terminal cannot provide hoses or hose handling for lightering operations.

C.    BUNKERING CHARGES & TERMS:

1.    Vessel Bunkering/Gas Oil/Lube Oil via Barge:

| | |
|---|---|
| 0 – 1,000 metric tons | $3.15 |
| 1,001 – 2,500 metric tons | $2.86 |
| 2,501 – 5,000 metric tons | $2.57 |
| > 5,000 metric tons | $2.29 |

A minimum charge of $1100.00 will apply to each marine move.

If no shoreside product operations are in progress a layberthing fee will be charged in addition to all other charges.

It will be the responsibility of the vessel, Barge Company or customer to arrange cargo hoses and hose handling.  Terminal can not provide hoses or hose handling for bunkering operation.

Stolthaven offers no services with respect to overboard-bunker transfers except assistance with dock schedule information.  If another ship is berthing at the dock in

the common slip area, the bunkering must be stopped and the bunker barge must move until the ship's lines are fast. Violations of the two (2) hour notice will result in additional fines as outlined in Section A of this tariff. Stolthaven will not pay any costs for these moves as it comes as a mandate by pilots.

Any barge arriving after the cargo vessel has docked, and with no prior notification or agreement made with SHVNH, will be considered "unauthorized" and will be subject to additional charges as outlined in this tariff.

2.    Bunkering Charges Ex Wharf:

| | |
|---|---|
| 0 – 1,000 metric tons | $5.72 |
| 1,001 – 2,500 metric tons | $5.49 |
| 2,501 – 5,000 metric tons | $5.15 |
| > 5,000 metric tons | $4.58 |

A minimum charge of $1320.00 will apply to each marine move.

If no shoreside product operations are in progress a layberthing fee will be charged in addition to all other charges.

The TERMINAL will act in full compliance with the Texas OSPRA and Federal OPA regulations which requires the General Land Office to be called out for any discharges to the waterway, regardless of size, hazard or countermeasure. If the TERMINAL is made liable for a GLO call out fee or any other costs associated with the discharge, these costs will be billed to the vessel or barge owner. These fees will be in addition to all cleanup, response, demurrage, wharfage and other costs incurred by the TERMINAL as a result of the incident. As the shore facility is required to provide assistance in spill response, an MSDS for the product being transferred must be sent to the TERMINAL before the barge arrives at the facility.

D.    OTHER VESSEL SERVICING CHARGES:

The Stolthaven docks are not designed for vehicular traffic during vessel loading operations. Activities must be handled by barge, shoreline, handcart or Stolthaven Houston mobile equipment. Vehicles are prohibited from the docks at all times without authorization from Stolthaven Houston Management. Any illegally parked vehicles will be removed at the owner's expense.

1.    Manpower Charges:

| | |
|---|---|
| Straight Time: | $58.00 per hour |
| Overtime: | $86.00 per hour |

(All labor rates are subject to a four (4) hour minimum, if manpower is called out)

2.   Equipment:

a. Lull Fork Lift:                       $290.00 per hour per ship plus manpower
                                         ($580.00 minimum)

b. Stolt Tanker Cargo Cage:              $58.00 per hour ($116.00 minimum)

c. Stationary Dock Crane:                $290.00 for first hour plus $116.00 per
                                         hour for each additional hour

d. Cherry Picker:                        $580.00 for first hour plus $290.00 per
                                         hour for each additional hour

e. Vacuum Truck:                         $580.00 per hour plus $290.00 per hour
                                         for each additional hour

f. Plant Trucks:                         $90.00 per vehicle plus manpower per
                                         hour (1 Hour minimum)

g. Gangway:                              $580.00 per use of Terminal Gangway

h. Crew Bus                              $160.00 per vessel call

i.  Filter Set-up
    Large Stainless Steel               $2,750.00 includes cleaning and disposal
    Small Stainless Steel               $700.00 includes cleaning and disposal

j.  Miscellaneous Services              Cost +15%

k.  Additional Invoicing                $25.00 per invoice (1 free per ship)

3.   Service Charges:

All charges listed below are in addition to other service charges and layberthing fees.

a.   Ship to Tank Truck
     Transfer of Marpol Waste:          $1,000.00 for first truck
                                        $500.00 for each additional truck

     (Trucks must have containment for drips and spills, which must be taken with
     trucks).

b.   Stores x barge:                    $800.00 per barge

c.    Garbage Disposal from Ships:    Cost plus 15% plus a $350.00 service charge. Extra equipment charged separately.

Garbage left (dumped) on the dock, by the ship, will be disposed of at the above listed costs, plus an additional $2,500.00.

d.    Wastewater Handling for Vessels/Barges:

On-Site Treatment Facility:    Costs to be quoted

Must be pre-approved through the Wastewater Department as rates will vary with toxicity, concentration and compatibility with system and permit restraints. ($1,000.00 minimum)

Off-Site Disposal:    Cost plus 15%

e.    Waste/Drum Disposal

Drums    $205.00 for the 1st drum
$60.00 for the 2nd thru 4th drum
$205.00 per drum thereafter

Drum Disposal    $205.00 minimum per drum

*Pricing above may vary depending upon product and drum type.*

f.    Sampling    $35.00 per each

g.    Sample Disposal
Non-Hazardous:    $15.00 sample, $58.00 per man-hour, plus $290.00 Service Charge

Hazardous:    $25.00 sample, $58.00 per man-hour, plus $290.00 Service Charge

h.    Deionized Water:    $550.00 per truck*

*Charge is for truck handling only. Vessel/Agent to handle all costs associated with transportation, shipping, purchasing and scheduling of water.

i.    Flaring    $390.00 per hour operation
(minimum $585.00)
*Escalated / de-escalated monthly*

4.   UTILITY CHARGES:

    a.   Nitrogen:

| | |
|---|---|
| Ambient Temperature<br>Ex Pipeline | $1.30 per 100 cubic feet |
| Heated to 140°F Max<br>Ex Pipeline (as available)<br>Heated Nitrogen<br>Ex Tank Truck | Cost plus 15% |

*Utilities are escalated / de-escalated on a monthly basis.*

    b.  Potable Water

| | |
|---|---|
| Ex Stolthaven Pipeline | $5.50 per 1,000 gallons<br>($550.00 minimum per loading) |

    c.  Heating

| | |
|---|---|
| Steam<br>(Minimum charge is $585.00 per vessel) | $390.00 per hour |

*Utilities are escalated / de-escalated on a monthly basis.*

5.   SPILL CONTROL:

    a.   Spill Boom Deployment       $5,000.00 minimum
       (Overboard Spills)         (plus man hours)
       Spill Boom Clean-up and Retrieval   Cost Plus 15%

    b.   TGLO Call Out              $600.00 minimum

# EXHIBIT B

# MOLINA, MANNY A.

**From:**   d.carr@stolt.com
**Sent:**   Wednesday, May 07, 2008 3:12 PM
**To:**    MURNANE, DON; MOLINA, MANNY A.
**Subject:** Fw: Rachel B - Stolthaven

----- Forwarded by DLC/GRW/SNTG on 05/07/2008 03:13 PM -----

| DCA/SHVH/SNTG | To | mail@hiltveit.com |
|---|---|---|
| 03/06/2008 03:55 PM | cc | TUR/SHVH/SNTG@SNTG, ALB/SHVH/SNTG@SNTG, KNK/SHVH/SNTG@SNTG, RAL/SHVH/SNTG@SNTG |
| | Subject | Fw: Rachel B - Stolthaven |

Good afternoon Dominick

Further to our below message, please provide written confirmation that Owners accept full responsibility for Stolthaven's damages and agree to compensate Stolthaven in full as per the terms of Stolthaven's marine tariff within 48 hours of vacating Stolthaven's berth. In the alternative, Owners agree that within 48 hours of vacating Stolthaven's berth, Owners will post security in favor of Stolthaven Houston Inc. in a form acceptable at Stolthaven's sole discretion.
brgds
Captain David A.Coiley
Manager SNTG Operations Houston
Office    281 860 6804
Mobile   713 304 8547

Pls use new e-mail address: - d.coiley@stolt.com

----- Forwarded by DCA/SHVH/SNTG on 03/06/2008 02:43 PM -----

| DCA/SHVH/SNTG | To | "Hiltveit - H - Dominick Cassataro" <mail@hiltveit.com> |
|---|---|---|
| 03/06/2008 12:17 PM | cc | "a.birney@stolt.com" <a.birney@stolt.com>, "r.allsbrooks@stolt.com" <r.allsbrooks@stolt.com>, "s.turchi@stolt.com" <s.turchi@stolt.com> |
| | Subject | Re: Rachel B - Stolthaven Link |

Thankyou Dominick,

The name of the man in command of the USCG VTS in Houston is Steven Nerheim, tel# 713 678 9090, and he can explain 'first hand' how the Rachel B can depart from the dock earlier by forecasting when the fire pumps will be repaired.
brgds
Captain David A.Coiley
Manager SNTG Operations Houston
Office    281 860 6804
Mobile   713 304 8547

Pls use new e-mail address: - d.coiley@stolt.com

"Hiltveit - H - Dominick Cassataro"
<mail@hiltveit.com>

03/06/2008 11:22 AM

To "d.coiley@stolt.com" <d.coiley@stolt.com>

cc "s.turchi@stolt.com" <s.turchi@stolt.com>, "a.birney@stolt.com"
<a.birney@stolt.com>, "r.allsbrooks@stolt.com" <r.allsbrooks@stolt.com>

Subject Rachel B - Stolthaven

Captain Coiley,

Further to our telecon yesterday and today, rest assured that we are doing
everything we can to expedite 'Rachel B''s compliance with Coast Guard
requirements. We hope for your best cooperation so that matters can be brought
back to normal sonest possble. We will keep you informed regarding developments.

Best Regards,
Hiltveit Associates Inc.
Dominick A. Cassataro

Office:    +1 631 342 9300
Fax:       +1 631 342 9323
Mobile:    +1 631 338 2406
Email:     mail@hiltveit.com
Web:       www.hiltveit.com

------
From: d.coiley@stolt.com
Date: Wed, 5 Mar 2008 14:06 -0500 Msg: HAINY-1300621
Subject: Rachel B
To: mail@hiltveit.com
Cc: s.turchi@stolt.com
Cc: a.birney@stolt.com
Cc: r.allsbrooks@stolt.com

To Owners and Operators of the Rachel B.

Good afternoon.

This is to inform you that Stolt Haven Houston are requiring that the
Rachel B vacate the #2 dock. The USCG stopped the loading of the vessel
due to deficiencies found on board @ 1300hrs March 4th 2008.
Currently the Rachel B is classed as a 'lay by' vessel with the
appropriate charges accumulating, however 4 hours after receipt of this
e-mail (1300 hrs March 5th 2008) paragraph 2 of the Layberth Charges
section in the SHVNH Marine Tariff can and will be activated. That will be
a $5,000/hr charge.

We are expecting another ship to tender NOR at approximately 2000 hrs
tonight, if the dock is vacated by then, lay berth charges only will be
invoiced.

Please confirm receipt of this e-mail.
brgds
Captain David A.Coiley
Manager SNTG Operations Houston
Office     281 860 6804
Mobile     713 304 8547

Pls use new e-mail address: - d.coiley@stolt.com
CONFIDENTIAL NOTICE:  The information contained in this message is confidential,
and in some instances legally privileged, and is intended only for the use of
the individuals named above.
If you are not the intended recipient, you are hereby notified that any
dissemination, distribution or copy of this communication is strictly
prohibited.  If you received this communication in error, or if any problems
occur with transmission, please notify us immediately by return email for the

return of this transmission.  Thank you.

PLEASE NOTE: The information contained in this message is confidential, and in some instances legally privileged, and is intended only for the use of the individual(s) named above. If you are not the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you received this communication in error, or if any problems occur with transmission, please immediately notify the sender. Thank you.

# EXHIBIT C

 **Stolthaven Houston Inc.**

*15602 Jacintoport Boulevard, Houston, TX 77015      281-860-6800*

**\*\*Original Invoice\*\*** - Please accept our apologies! Our invoicing stationery is on back order!

Please Remit To:          or
P.O. Box 201680
Houston, TX 77216-1680

Wire/ACH:
Chase Bank of Texas, NA
Acct: 00101766336
ABA 113000609

| | |
|---|---|
| Page: | *1* |
| Invoice Date: | 3/01/08 |
| Invoice Number: | 393767-04100 |

To: Hiltveit Associates, Inc.
Hauppauge Corporate Center, Suite 302
150 Motor Parkway
Hauppauge, NY  11788  US

Contract  ....    803-02334

Activity Ending   3/15/08

Invoice Total          $269,754 38 USD

| Description of Services | Quantity | U/M | Rate | Amount |
|---|---|---|---|---|
| LAYBERTH 12hr (1ST) | 433.000 | FT | 4.860000 | 2,104.38 |
| LAYBERTH 12hr (2ND) | 1 000 | MIN | 1,325.000000 | 1,325 00 |
| LAYBERTH 12hr (3RD) | 1 000 | MIN | 1,325 000000 | 1,325.00 |
| DOCK VACATE PENTALTY | 53.000 | HR | 5,000 000000 | 265,000 00 |

General Invoice Notes ..
   Work Order #: 0803-38167
RACHEL B
U.S. COAST GUARD DETENTION AT STOLHAVEN HOUSTON
MARCH 4, 2008

Terms:   Due upon Receipt

*THANK YOU*

| | |
|---|---|
| Subtotal | $269,754 38 |
| Sales Tax | $.00 |
| Total | $269,754 38 USD |

**EXHIBIT D**

# Stolt-Nielsen USA Inc.

| | | |
|---|---|---|
| A subsidiary of<br>Stolt-Nielsen S A | Stolt Tankers and Terminals<br>800 Connecticut Avenue<br>4ᵗʰ Floor East<br>Norwalk, Connecticut 06854<br>U S A | Direct:　+ 1 203 299-3795<br>Fax:　+ 1 203 299-3698<br>Dept Fax: + 1 203 299-3918<br>www.stolt-nielsen.com<br>e-mail: d carr@stolt.com |

BY E-MAIL

March 7, 2008

Dominick A. Cassataro
Hiltveit Associates Inc.
Hauppauge, New York
Email: mail@hiltveit com

## WITHOUT PREJUDICE

### RACHEL B
### U.S. Coast Guard Detention at Stolthaven Houston
### March 4, 2008

Dear Mr. Cassataro:

I am Assistant General Counsel of Stolt-Nielsen USA Inc. and write on behalf of Stolthaven Houston Inc  The above matter has been referred to the undersigned for further handling as it relates to protecting Stolthaven's legal interests  I have been asked to respond to your e-mail of March 6, 2008.

The U.S. Coast Guard has detained the Rachel B for various deficiencies.  The causes, excuses and reasons for the detention are of no concern to us.  This is of the Owners' making, not ours, not the U.S. Coast Guard.  We expect you to appreciate that through no fault of our own we are incurring serious financial harm by the vessel's ongoing presence at our dock.

Stolthaven's Marine Tariff (2007) was distributed to your agents many months ago.  Owners' knowledge is imputed through the knowledge of your agents.  We refer you to Stolthaven's Marine Tariff and in particular to paragraph 2, page 3, which reads:  *"Upon receipt of four (4) hours notice for ships and two (2) hours notice for barges, the TERMINAL dock shall be promptly vacated at the vessel's expense. Failure to comply with the TERMINAL's vacant rule can result in an additional $5,000 per hour charge from the end of the notice period until the dock is vacated  Vessel must be cargo ready upon arrival  If not, layberth will start incurring "* At 1300hrs LT on March 5, 2008 we issued notice to Owners to vacate the berth, citing paragraph 2, Layberth Charges of Stolthaven's Marine Tariff.  Subject to review of our extraordinary costs, Owners can expect our invoice to be assessed on this basis:  Therefore, if the vessel vacates the berth on March 8, Owners can expect an invoice in excess of $300,000  We

Dominick A. Cassataro
Hiltveit Associates Inc.
March 7, 2008
Page 2

expect full and prompt payment of such layberth charges and reserve the right to claim any
additional damages, losses and expenses, as permitted under the law and at equity   Upon
departure of the Rachel B, we will invoice Owners pursuant to the Tariff and accumulate our
extraordinary costs and submit a claim to Owners for compensation.

We expect compensation to be made to Stolthaven Houston within 24-48 hours of submission.
Absent payment, we will require Owners to post security in a form acceptable to Stolthaven.  We
encourage Owners to cooperate in negotiating a speedy resolution in addressing our costs, either
through payment or through an acceptable form of security.   Failing which, we have local
counsel on standby with instructions to proceed with a vessel arrest or take any other measures
required to secure our claim.  We trust this will not be necessary.

Very truly yours,

Daniel Carr
Assistant General Counsel


Copy:  Capt  David Coiley – Stolthaven Houston
       Stephen Turchi – Stolthaven Houston