William J. Honan
Michael J. Frevola
Francesca Morris
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007-3189
(212) 513-3200
E-mail: william.honan@hklaw.com
       michael.frevola@hklaw.com
       francesca.morris@hklaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
STOLTHAVEN HOUSTON, INC.,

                   Plaintiff,

         v.

RACHEL B, its engines, tackle apparel, etc., *in rem*,
and HILTVEIT ASSOCIATES, INC. and
ZAREPTA CHEMICAL KS, *in personam*,

                   Defendants.
-----------------------------------------------------------------x

08 Civ. 4327 (RPP)

**DECLARATION OF**

**KNUT ERIK WESTAD IN SUPPORT OF MOTION TO VACATE ATTACHMENT**

I, Knut Erik Westad, declares as follows::

1. I am Partner in the Norwegian Law firm Vogt & Wiig AS, a medium sized Norwegian law firm, recognized as one Norway's leading law firms in the area of Maritime Law.

2. I have for many years worked with Maritime Law questions, with special emphasize on sale and purchase of Ships, bareboat charters and leases.

3. I acted as legal advisor to Zarepta Chemical KS ("Zarepta") when the vessel MV "Rachel B" (the "Vessel") was purchased from Suffolk Tankers Ltd. ("Suffolk") and bareboat chartered to Norfolk LP ("Norfolk").

4. The Vessel was purchased from Suffolk Tankers Ltd. pursuant to a purchase agreement dated May 25, 2004.

5. By a bareboat charter, dated May 25, 2004, (the "Bareboat Charter") Zarepta entered into a bareboat charter for the Vessel with Norfolk LP believed to have a place of business at 150 Motor Parkway, Hauppauge, NY 11788 ("Norfolk") through Norfolk's apparent general partner, Hiltveit Associates Inc. The Vessel was delivered from Suffolk to Zarepta under the purchase agreement and on to Norfolk under the Bareboat Charter on May 28, 2004. At the time of events alleged in the Complaint in this action, March 2008, the Vessel was being operated by Norfolk under the Bareboat Charter.

6. The form of bareboat charter made between Zarepta and Norfolk in respect of the Vessel is a form widely used in Norway for so called sale/leaseback deals, and there is, in my opinion, no doubt that under Norwegian law, the Bareboat Charter is in fact a bareboat charter. The obligation of manning and operating the Vessel is with Norfolk as charterer, and also Norfolk is liable for the maintenance of the Vessel and for "all charges and expenses of every kind and nature whatsoever incidental to their use and operation of the vessel under this Charter." (Clauses 9 and 39).

7. Under the Bareboat Charter, Norfolks' obligations and responsibilities to maintain the Vessel even extends beyond the obligations of a charterer under a standard "Barecon 89", as also any improvements, structural changes or expensive new equipment that may become necessary for the operation of the Vessel by reason of new class requirements or by compulsory legislation, shall be for Norfolk's account and time (Clause 9 (a) lines 119 – 122).

8. In fact, the chartering of the Vessel by Zarepta to Norfolk is close to a financial lease, and as owner under the Bareboat Charter the position of Zarepta may be considered as the

one of a lessor. This is confirmed by the fact that the Bareboat Charter contains several provisions that are usually seen in loan agreements and which are not standard under regular bareboat charter agreements such as Norfolk's obligation to provide financial information and the obligation not to change its business (Clause 47).

9.      Save, that Norfolk under the Bareboat Charter has an option to purchase the Vessel, the Vessel shall at the end of the charter period be redelivered to Zarepta. The risk of the Vessel's value at the end of the period of the Bareboat Charter is with Zarepta and Zarepta is therefore concerned that the Vessel is properly maintained. Zarepta has, however, no direct influence on the day to day management of the Vessel, Zarepta's interests are protected by Zarepta having the right (but not an obligation) to inspect the Vessel (Clause 7), and by Zarepta having right to approve of any change in the technical management of the Vessel and thereby ensuring that the Vessel's manager has the qualifications required to maintain such a vessel (Clause 47 (d)).

10.     Zarepta has no liability regarding services provided to the Vessel during the term of the Bareboat Charter and, particularly, has no liability to the plaintiff Stolthaven Houston, Inc. for wharfage and other of its alleged services.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Knut Erik Westad

Executed this 16th day of June, 2008 in Oslo.