William J. Honan
Michael J. Frevola
Francesca Morris
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007-3189
(212) 513-3200
E-mail: bill.honan@hklaw.com
         michael.frevola@hklaw.com
         francesca.morris@hklaw.com

ATTORNEYS FOR DEFENDANT
ZAREPTA CHEMICAL KS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
STOLTHAVEN HOUSTON, INC.,                                         :
                                                                  :
                                    Plaintiff,                    :
                                                                  :
                  v.                                              :
                                                                  :   08 Civ. 4327 (RPP)
RACHEL B, its engines, tackle, apparel, etc., *in rem*,           :
and HILTVEIT ASSOCIATES, INC. and                                 :
ZAREPTA CHEMICAL KS, *in personam*,                               :
                                                                  :
                                    Defendant.                    :
                                                                  :
------------------------------------------------------------------x

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION
TO VACATE THIS COURT'S MARITIME ATTACHMENT ORDER**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT............................................................................................................................1

POINT I ....................................................................................................................................1

PLAINTIFF HAS THE BURDEN TO SHOW THAT THE ATTACHMENT WAS
PROPERLY OBTAINED........................................................................................................1

POINT II...................................................................................................................................3

PLAINTIFF HAS NO VALID *PRIMA FACIE* ...................................................................3

ADMIRALTY CLAIM AGAINST ZAREPTA .....................................................................3

    A.    Under Applicable Norwegian Law the Bareboat Charter is a
         bareboat charter...................................................................................................3

    B.    If U.S. Law Applied There Would Be a Bareboat Charter .......................5

POINT III..................................................................................................................................6

STOLTHAVEN HAS NO VALID *PRIMA FACIE* ADMIRALTY CLAIM AGAINST
ZAREPTA.................................................................................................................................6

CONCLUSION.......................................................................................................................10

## PRELIMINARY STATEMENT

Plaintiff Stolthaven Houston Inc. ("Stolthaven") has failed to state a valid *prima facie* admiralty claim against Zarepta Chemical Inc. ("Zarepta"). The "Rachel B" (the "Vessel") was under bareboat charter (the "Bareboat Charter") to Norfolk, L.P., which had full responsibility for operation and control of the Vessel. As is explained below, the Bareboat Charter is a valid bareboat charter under Norwegian law, which is the law governing its terms. Despite Stolthaven's claims to the contrary, the Bareboat Charter also is a valid bareboat charter under U.S. law. Even if the Bareboat Charter were merely a time charter, Stolthaven would have no *in personam* claim against Zarepta. Lastly, Stolthaven suggests an agency relationship between Zarepta and the vessel manager. No facts are alleged, only assumptions made by the Assistant General Counsel of Stolthaven's affiliate. This is insufficient to state a valid *prima facie* admiralty claim and the attachment should be dismissed.

## ARGUMENT

### POINT I

### PLAINTIFF HAS THE BURDEN TO SHOW THAT THE ATTACHMENT WAS PROPERLY OBTAINED

On a motion to vacate an attachment, Rule E(4)(f) makes clear that the burden of proof is on the plaintiff. At a Rule E(4)(f) hearing "the plaintiff shall be required to show why the arrest or attachment should not be vacated". Supplemental Admiralty Rule E(4)(f); *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 n.5 (2d Cir. 2006). Stolthaven ignores this requirement and attempts to shift the burden to Zarepta. In its Memorandum of Law in Opposition ("Plaintiff's Opposition") at 1, Stolthaven asserts that Zarepta has the "heavy burden of proof to establish the demise nature of the document Zarepta ostensibly describes as a 'bareboat charter'". Zarepta argues in opposition to the attachment that Stolthaven does not have

a valid *prima facie* admiralty claim against Zarepta, but it is not Zarepta's burden to prove that Stolthaven lacks a claim. As the Second Circuit explained in *Aqua Stoli*,

> . . . an attachment should issue *if the plaintiff shows* that 1) it has a valid *prima facie* admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendants property may be found within the district; and 4) there is no statutory or maritime bar to the attachment.

*Id.* at 445 (emphasis added); *see also id.* n.5 (stating that "Rule E(4)(f) clearly places the burden on the plaintiff to show that an attachment was properly ordered and complied with the requirements of Rules B and E."). Thus, Stolthaven's burden is to show not only that the attachment should not be vacated but that it was properly obtained. Furthermore, "[t]he evidence must be viewed in the light most favorable to the party whose property is attached." *Unitas Finance Ltd. v. Di Gregorio Navegacao, Ltda.*, No. 99-1233, 1999 WL 33116415, at *1 (D.N.J. Nov. 8, 1999).

Stolthaven argues that it need not provide evidence that it has a valid *prima facie* admiralty claim but may rely on the allegations in its Complaint. (Plaintiff's Opposition at 4). However, when Stolthaven represented to the Court that it had a valid *prima facie* admiralty claim against Zarepta it relied on the documents attached to the Complaint. As explained in the Moving Memorandum at 7, 8, those documents do not support any claim against Zarepta. Zarepta is not mentioned in those documents and correspondence to Hiltveit addresses Hiltveit as owner. Stolthaven had an agreement with Hiltveit for wharfage services, not with Zarepta. In the Declaration of Daniel Carr, he suggested that Hiltveit's use of the term "vessel's interests" included the vessel's registered owner Zarepta. This was, at best, an assumption by Mr. Carr that has no factual basis and it cannot provide grounds for a claim against Zarepta. (Carr Declaration ¶6). *See infra* Point III.

2

In *Sonito Shipping Co. v. Sun United Maritime Ltd.*, 478 F. Supp. 2d 532, 534 (S.D.N.Y. 2007), the plaintiff alleged maritime claims against the defendant in the Complaint. The Court examined the terms of the charter party on which the claims were based to determine whether plaintiff had a "presently existing valid maritime claim". *Id.* at 537 n.2, 536-37. Judge Haight held that based on the charter party, plaintiff had no valid maritime claim when the complaint was filed and the writ of attachment was obtained. *Id.* at 543. Thus, as Judge Haight stated, Stolthaven must state a "valid *prima facie* admiralty claim" to support a Rule B attachment. *Id.* at 536. Furthermore, he held that this was a question of substantive law. *Id.* Here, as in *Sonito Shipping*, the Bareboat Charter and documents attached to the Complaint show that, as a matter of substantive law, Stolthaven has no valid *prima facie* admiralty claim against Zarepta.

## POINT II

### PLAINTIFF HAS NO VALID *PRIMA FACIE* ADMIRALTY CLAIM AGAINST ZAREPTA

Stolthaven argues at great length that the Bareboat Charter attached as Exhibit A to the Werring Declaration is not a bona fide bareboat charter. However, Stolthaven does not show, or even argue, that if the Bareboat Charter is not a bareboat charter but a time charter, then Stolthaven has a valid claim against Zarepta. As is more fully discussed below, Zarepta maintains that the Bareboat Charter is valid and, as a matter of law, Stolthaven has no claim against Zarepta. Even if Stolthaven, *arguendo*, were correct and the contract were held to be a time charter or even just a maritime contract, Stolthaven still would not have stated a valid *prima facie* admiralty claim against Zarepta. *See infra* Point III.

A. **Under Applicable Norwegian Law the Bareboat Charter is a bareboat charter**

Stolthaven relies on Mr. Carr's Declaration to allege that the Bareboat Charter is not a valid bareboat charter. Mr. Carr, as the Assistant General Counsel to Stolt Nielsen USA Inc., an

affiliate of Stolthaven, is not an impartial witness. (Carr Declaration ¶1). Furthermore, Plaintiff's Opposition argues that the Bareboat Charter is not a bareboat charter under United States law. That is not the relevant law here. The construction of the Bareboat Charter is to be under Norwegian law. (Exhibit A to Werring Declaration, Rider ¶56). As Judge Haight explained in *Sonito Shipping*, 478 F. Supp. 2d at 536-537,

> The existence *vel non* of a valid maritime claim for the purposes of a *Rule B* attachment turns upon the applicable substantive law, in this case the law of contract. And that leads to a consideration of English law because, as noted *supra*, the parties agreed in the charter party that "it shall be governed by and construed in accordance with English law."

Here the parties to the Bareboat Charter agreed that Norwegian law would apply. As more fully explained in the Declaration of Kjell Hetland, submitted herewith, under Norwegian law, the Bareboat Charter is a valid bareboat charter in all respects.[*]

Stolthaven has failed to establish that the Bareboat Charter is not a valid bareboat charter under Norwegian law and, therefore, Stolthaven has not stated a valid *prima facie* admiralty claim. In *OGI Oceangate Trans. Co. v. RP Logistics Pvt. Ltd.*, No. 06 Civ. 9441, 2007 WL 1834711, at *6 (S.D.N.Y. June 26, 2007), the Court held that the plaintiff did not have a valid maritime claim because plaintiff had not established the applicable law under which the wrongful arrest claim was being made:

> Without an understanding of the applicable law, the Court is unable to determine whether OGI has a valid prima facie claim of wrongful arrest. Since OGI has the burden of affirmatively showing that it has such a claim taking the strictest approach to this analysis and without more information, Plaintiff has failed to meet its burden with respect to this claim of wrongful arrest.

---

[*] At the time this Memorandum is served, Zarepta is providing notice of an issue of foreign law in accordance with Rule 44.1 of the federal Rules of Civil Procedure.

4

**B.     If U.S. Law Applied There Would Be a Bareboat Charter**

Under the cases cited by Stolthaven, one must look to "the intention of the parties as expressed by the wording of the contract as a whole." *Zabriskie v. City of N.Y.*, 160 F. 235 (S.D.N.Y. 1908). Clause 9(a) of the Bareboat Charter clearly stated the intent of the parties:

> The vessel shall during the Charter period be in the full possession and at the absolute disposal for all purposes of the Charterers and under their complete control in every respect.

In keeping with that broad transfer of control Charterer agreed to arrange for and pay the cost of (i) hiring and victualling the officers and crew (Clause 9[b]), (ii) insuring and repairing the Vessel (Clause 12) and (iii) operating and supplying the Vessel (Clause 9[b]).

At paragraph 11, Mr. Carr seems to concede, as he must, that the unamended BARECON '89 is a true bareboat charter. The Owner, in that form, retains oversight of the Vessel. For example, the Owner retained the right (a) to inspect the vessel and its log books at regular intervals (Clause 7[b]), (b) to be kept abreast of the vessel's employment (Clause 5) and (c) to approve the insurance purchased by the Charterer and the insured repairs to the vessel (Clause 12[c]). A bareboat charter, after all, is not a transfer of title, only a lease of the vessel.

The Bareboat Charter obviously is part of a financial transaction (see Clauses 32, 33 and 37). As part of that transaction, Charterer warranted that it would not materially change its business (Clause 47[g]). That warranty does not dictate how Charterer was to run its business and does not challenge, in any way, Charterer's possession or control of the Vessel.

Stolthaven's reliance on Clause 47(h) (Charterer's $4 million deposit to secure its performance) is particularly misplaced. Clause 47(h) merely replaces the deleted Clause 22 of the Barecon '89 form which requires that the Charterer establish a bank guarantee to secure its performance. A clause establishing financial security of performance is normal in a bareboat charter. Davis, *Bareboat Charters* 5 (2d ed. 2005).

Stolthaven argues that (i) because Zarepta approved the technical management agreement and (ii) the technical manager could not be dismissed without Zarepta's consent, Zarepta maintained control of the Vessel. This clause does not indicate that Zarepta was involved in the operation of the vessel, only in the selection of a competent technical manager. Notwithstanding a bareboat charter, a vessel owner has obligations that it cannot delegate. Thus, an owner has a non-delegable duty to maintain a seaworthy vessel and in the event of collision both the owner and bareboat charterer may be held liable, and both may petition for limitation of liability under the U.S. Limitation Act, 46 U.S.C. §181. *Consumers Import Co. v. Kabushiki Kaisha Kawasaki Zo-Senjo*, 320 U.S. 249, 250 (1943). Similarly, the liability placed on an "owner or operator" under the Federal Water Pollution Act has been interpreted to afford a remedy against both the owner and bareboat charterer not in the alternative but joint and severally. *United States v. M/V BIG SAM*, 681 F.2d 432, 438-39 (5th Cir. 1982) (interpreting 33 U.S.C. § 1321(a), (g)).

For the reasons set forth above, the Bareboat Charter was, and continues to be, a true bareboat of the Vessel. Under such an arrangement, Zarepta has no responsibility for the operating expenses of the Vessel. Stolthaven has no claim for such an expense against Zarepta.

### POINT III

### STOLTHAVEN HAS NO VALID *PRIMA FACIE* ADMIRALTY CLAIM AGAINST ZAREPTA

Assuming this Court finds that the Bareboat Charter does not conclusively insulate Zarepta from *in personam* liability, Stolthaven still must show that it has "an *in personam* claim against the defendant which is cognizable in admiralty . . . . In other words, the plaintiff's claim must be one which will support a finding of admiralty jurisdiction under 28 U.S.C. § 1333." *OGI Oceangate*, 2007 WL 1834711, at *3 (emphasis added) (quoting *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 268, *cert. denied*, 539 U.S. 927 (2003) (2d Cir. 2002) (citation

omitted). Even if the Bareboat Charter is classified as a time charter, however, neither Stolthaven's Verified Complaint nor its opposition papers establish any basis for *in personam* liability against Zarepta.

A party claiming breach of contract must be in privity with the other party in order to state a valid *in personam* contract claim against it. Here, there is no privity of contract between Stolthaven and Zarepta. Neither the Verified Complaint nor Stolthaven's opposition papers contain any suggestion that it contracted with Zarepta in connection with the claimed charges. Indeed, the record is clear that only Hiltveit contacted Stolthaven regarding Stolthaven's services.

Stolthaven may argue that privity between Zarepta and Stolthaven may be achieved through a theory of agency. While the Carr Affidavit states that Stolthaven's Tariff "had previously been provided to agents of the owners of the Rachel B" (meaning Hiltveit), Stolthaven provides no support whatsoever for the conclusion that Hiltveit was Zarepta's agent. Stolthaven's distorted perception of Hiltveit's role, however, is irrelevant for purposes of determining the existence of actual agency. The existence of apparent authority must be proved through the actions and statements of the purported principal and not the alleged agent:

> The evidence of the apparent authority must be "traceable" to the principal, and cannot be established by the unauthorized acts, representations or conduct of the agent.

*Herlofson Management A/S v. Kingdom of Jordan*, 765 F. Sup. 78, 88 (S.D.N.Y. 1991).

Mr. Carr also claims that Stolthaven can rely on Hiltveit's statement that it represented the "vessel interests" to try to impute liability to Zarepta. Notwithstanding Mr. Carr's assertion, there is no common understanding within "the maritime commercial and legal community that those words included the vessel's registered owner." Neither Mr. Carr nor Stolthaven's counsel provide any precedent or other basis for this mistaken assertion. In any event, the conclusory

7

statements that a company is another's agent acting at its direction, without more, is insufficient to survive even the limited scrutiny given at the outset of a proceeding. *See DeJesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir.). *cert. denied*, 519 U.S. 1007 (1996). This is especially so where the heightened pleading rules of Rule E(2)(a) govern and where Stolthaven has the burden of demonstrating the validity of its claim in order to maintain its attachment. Quite simply, Stolthaven has introduced no legal or factual basis to find *in personam* liability against Zarepta. It has neither shown, nor pled, direct contractual privity with Zarepta, and its unsupported assertions as to Hiltveit's purported agency fail as a matter of accepted agency law. Without such *in personam* liability, Stolthaven cannot maintain its Rule B attachment against Zarepta.

Stolthaven argues that *Blommer Chocolate Co. v. Nosira Sharon Ltd.*, 776 F. Supp. 760 (S.D.N.Y. 1991), *aff'd.* 963 F.2d 1522 (2d Cir. 1992), is similar and that the Court should hold that Stolthaven has a legitimate claim against Zarepta. In that case, however, there was an express grant of authority by the vessel owner's master to an agent. That grant of authority was the basis for establishing privity between the plaintiff and the vessel owner. *See id.* at 765-66. In such circumstances, not present here, *in personam* liability existed based on that privity.

Stolthaven fails to cite a case, *Houston Oil & Mineral Exploration Co. v. M.V. WANI HILL*, 92 Civ. 7072, 1994 WL 132154 (S.D.N.Y. Apr. 14, 1994), which would be similar to this case if the Bareboat Charter instead was considered a time charter. There, a claim was made against the registered owner *in personam* despite a lack of privity with the claimant. *Id.* at *1. The plaintiff argued that defendants were the agents of the vessel owner. The owner moved, and was granted, summary judgment on the claims against it *in personam* on the grounds of lack of

privity with the plaintiff. The Court held that there was no proof that the middlemen had authority to act on the registered owner's behalf:

> Because we find that [the middleman] lacked authority to sign on behalf of the owner, we conclude defendant owner General Mascardo can not be held liable *in personam*. In so holding, the Court views this case as somewhat analogous to other cases in which a bills of lading issued by unauthorized parties failed to bind the owner.

*Id.* at *4 (citations omitted) (emphasis added).

As mentioned earlier, it is Stolthaven's burden to prove why its attachment should be maintained. Stolthaven cannot show direct privity with Zarepta, so it has suggested that Hiltveit acted as its agent in agreeing to the use of the berth. There is no indication that Hiltveit acted as Zarepta's agent, thus this suggestion fails as well. Regardless whether the contract between Zarepta and Norfolk is a bareboat charter, a time charter or some other form of maritime contract, Stolthaven has no *in personam* claim against Zarepta. It's attachment, therefore, must fail.

## **CONCLUSION**

Defendant respectfully requests that the Court grant Defendant's motion to vacate the Attachment Order, along with such other and further relief as this Court deems fair and just.

Dated: New York, New York
      June 16, 2008

HOLLAND & KNIGHT LLP

By: _____
     William J. Honan
     Michael J. Frevola
     Francesca Morris
     195 Broadway
     New York, New York  10007-3189
     (212) 513-3200

*Attorneys for Defendant*
*Zarepta Chemical KS*

# 5407089_v2