# Holland+Knight



Tel 212 513 3200
Fax 212 385 9010

Holland & Knight LLP
195 Broadway, 24th Floor
New York, NY 10007-3189
www.hklaw.com

**MEMO ENDORSED**

RECEIVED JUN 23 2008 CHAMBERS OF JUDGE ROBERT P. PATTERSON

Francesca Morris
212 513 3431
Francesca.morris@hklaw.com

June 20, 2008

VIA FAX DELIVERY

The Honorable Robert P. Patterson, Jr.
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1316

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/08
```

*Stolthaven Houston Inc. v. Rachel B, USDC, SDNY, 08 CV 4327 (RPP)*
Our File: 500177.03235

Dear Judge Patterson:

We are attorneys for defendant Zarepta Chemical KS ("Zarepta"). We write, briefly, to address the sur-reply memorandum of law and affidavit served and filed by Stolthaven Houston, Inc. ("Stolthaven") this afternoon. In accordance with Your Honor's Individual Rules, Rule 1.c, we submit this letter by fax with a simultaneous fax copy to counsel for Stolthaven.

**I. The Sur-Reply Was Improper**

The submission of these sur-reply papers without this Court's permission is improper. *Travelers Ins. Co. v. Buffalo Reins. Co.*, 735 F. Supp. 492, 495 (S.D.N.Y.), *vacated on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990). A sur-reply should not be submitted without prior leave of court. *Id.* Furthermore, even if the sur-reply papers could be construed as an application to file a sur-reply, the sur-reply papers should not have been submitted with the application. *Id.* Stolthaven's counsel asked at the oral argument on Monday, June 16, 2008, to be permitted to submit a declaration on Norwegian law and the Court did not grant that request. Therefore, this Court should not consider the sur-reply papers of Stolthaven and they should be stricken, as they were in *Travelers*. *Id.*

The case cited in Stolthaven's memorandum in support of the submission of the sur-reply discusses the application for submission of a sur-reply and does not countenance unauthorized sur-replies. *Bonnie & Co. v. Bankers Trust Co.*, 945 F. Supp. 693, 707 (S.D.N.Y. 1996). Here, as in both *Travelers* and *Bonnie & Co.*, the sur-reply is not warranted. *Travelers*, 735 F. Supp. at

Hon. Robert P. Patterson, Jr.
June 20, 2008
Page 2

495; *Bonnie & C. Fashions, Inc. v. Bankers Trust Co.*, 945 F. Supp. at 709. Although Stolthaven argues that Zarepta raised new issues on reply, Zarepta was permitted to address in reply new issues raised in Stolthaven's opposition. *Travelers*, 735 F. Supp. at 495-496.

Turning to Stolthaven's arguments, they should not be entertained because the material Stolthaven seeks to rebut was all either presented in Zarepta's initial moving papers or should have been foreseen as an issue by Stolthaven's counsel. As noted by the very case cited by Stolthaven, *Bonnie & Co.*, "the argument favoring a surreply submission is less compelling where the reply brief, in responding to the opposition brief, 'does not spring upon the [opposing party] new reasons for [deciding in the moving party's favor].'" *Bonnie & Co.*, 945 F. Supp. at 708 (quoting *Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992)). Here, because each point made in Zarepta's reply brief responded to points made by Stolthaven in its opposition, Stolthaven has no basis to be entitled to file a sur-reply. Zarepta addresses each of Stolthaven's points in turn.

## II. The Notice of Intent to Use Foreign Law

Stolthaven argues that Zarepta raised the issue of Norwegian law for the first time in its reply papers. Zarepta only addressed foreign law after Stolthaven took the position in its opposition papers that the Bareboat Charter was not valid and then employed the wrong law – U.S. law – to argue that the Bareboat Charter should not be construed as a bareboat charter. However, the Bareboat Charter was provided to Stolthaven's counsel on June 5, 2008. (Exhibit D to Honan Affidavit). The Bareboat Charter includes Rider 56 which states that it "shall be governed by and construed in accordance with Norwegian law." Therefore, the issue of whether the agreement between Norfolk, L.P., and Zarepta is a bareboat charter is governed by Norwegian law. Stolthaven have been on notice of this provision since June 5, 2008.

Furthermore, Stolthaven's counsel is well aware that disputes relating to a charter party are governed by the choice of law clause contained in it. *Sonito Shipping Co., Ltd. v. Sun United Maritime Ltd.*, 478 F. Supp. 2d 532, 537 (S.D.N.Y. 2007). Here, Stolthaven disputes whether the Bareboat Charter is a valid bareboat charter. In *Sonito Shipping*, Judge Haight considered at length English law, which governed the charter party at issue there, to determine whether there had been a breach of contract. *Id.* at 536-537. Counsel for plaintiff in that case were the same firm, and the same attorneys at the firm, as counsel for Stolthaven here. *Id.* at 532. Iif Stolthaven wanted to challenge the validity of the Bareboat Charter Stolthaven must do so under the applicable law, Norwegian law. In *Sonito Shipping*, Judge Haight vacated the attachment and stated that plaintiff had failed to show a maritime claim for breach of contract under English law, made applicable by the charter party. *Id.* Similarly, here, Stolthaven did not show that the Bareboat Charter was not a valid bareboat charter under Norwegian law, the applicable law under the Bareboat Charter. Therefore, Stolthaven has failed to rebut the validity of the Bareboat Charter. Stolthaven has not shown a valid maritime claim against Zarepta which has a Bareboat Charter with Norfolk, L.P.

Hon. Robert P. Patterson, Jr.
June 20, 2008
Page 3

With regard to the Rule 44.1 notice, the 1966 Advisory Committee Notes make clear that such notice only need be given when the use of foreign law becomes apparent. Prior to making their motion to vacate, counsel for Zarepta corresponded and communicated with counsel for Stolthaven in an attempt to resolve this dispute short of a motion to vacate. Stolthaven's counsel never suggested that the Bareboat Charter's validity was at issue because of the inclusion of certain terms. Zarepta could not be expected to make an argument in its motion papers that it did not and could not foresee when Stolthaven did not disclose the basis for maintaining the attachment. Once Stolthaven argued that the Bareboat Charter did not qualify as such, Zarepta raised the issue of the proper law to be applied.

Stolthaven's counsel argued at oral argument – and has raised the contention in its sur-reply – that Zarepta argued that the Bareboat Charter was valid under U.S. law. This misconstrues Zarepta's argument. Zarepta argued – and still maintains – that under U.S. maritime law certain claims cannot be made against a registered owner when a bareboat charter is in effect. But whether the charter agreement *is* a bareboat charter must be analyzed under the law governing the parties' charter party. In Zarepta's initial brief, it introduced the Bareboat Charter for what it was on its face – a bareboat charter – and raised the U.S. law defenses to Stolthaven's claims. Zarepta explained that the Bareboat Charter was a standard bareboat charter used in the international shipping industry and cited an English law treatise for support. (Moving Memorandum at 6 citing, *inter alia*, Mark Davis, *Bareboat Charters* (2d ed. 2005)). Stolthaven challenged that characterization, but analyzed the Bareboat Charter under the wrong law. In reply, Zarepta introduced the correct law and provided support for why the Bareboat Charter was a bareboat charter. In challenging the Bareboat Charter's validity in opposition to the motion, Stolthaven should have made that challenge under Norwegian law but failed to do so.

### III. *Ex Parte Easton* Should Have Been Raised in Stolthaven's Opposition Papers

At oral argument, Stolthaven argued for the first time that it had a claim for wharfage against Zarepta under *Ex Parte Easton*, 95 U.S. 68 (1877). That argument should have been argued in Stolthaven's response to Zarepta's argument that Stolthaven has failed to state a maritime claim. Stolthaven includes its arguement that it has a claim under *Ex Parte Easton* in its sur-reply papers. Stolthaven's raising of this argument is totally gratuitous. As stated by the court in *O&Y (U.S.) Financial Co.*, a sur-reply should not be permitted for legal argument which could have been made in opposition papers but was not. *O&Y (U.S.) Financial Co. v. Chase Family Ltd. P'ship*, No. 93-1855, 1994 WL 512532, at *3 (S.D.N.Y. Sep. 20, 1994). Furthermore, it appears that there was no charter related to the vessel in *Ex Parte Easton* and Stolthaven has continued to fail to establish any contractual relationship between Stolthaven and Zarepta where there was a charter party, of any kind, governing operation of the Rachel B.

Hon. Robert P. Patterson, Jr.
June 20, 2008
Page 4

### IV. The Choice of Law Argument is Improper and Misses Zarepta's Argument Completely

Stolthaven argues that it has an *in personam* claim against Zarepta under Norwegian law. That argument does not address any argument that was made by Zarepta. As stated above, Zarepta does not contend that Norwegian law controls analysis of Stolthaven's claim. Rather, under U.S. law certain claims cannot be brought against a registered owner when it has bareboat chartered its vessel. Here, Zarepta did just that, which charter is subject to Norwegian law. If the Bareboat Charter qualifies as such under Norwegian law, then the U.S. law preclusions against *in personam* claims against a registered owner in the bareboat charter context must be applied. Procedurally, Stolthaven should have made its choice of law argument in its opposition papers, but Zarepta agrees that U.S. law governs Stolthaven's claims. Accordingly, Zarepta will not address Stolthaven's arguments regarding Zarepta's liability under Norwegian law.

### V. The Unseaworthiness Argument Never has Been Raised and Cannot Be Raised Now

For the first time in sur-reply Stolthaven argues that the Rachel B was unseaworthy. This is purportedly argued in response to Zarepta's argument that Stolthaven lacked privity with Zarepta which Stolthaven alleges was raised by Zarepta for the first time on reply. That is incorrect. Zarepta argued in its Moving Memorandum, at 7, "Stolthaven does not have a contract with Zarepta. There is no relationship at all between Zarepta and Stolthaven."

Allegations of Rachel B's unseaworthiness do not establish privity with Zarepta. Stolthaven has not made a claim against Zarepta for unseaworthiness and even in sur-reply does not explain how the vessel being unseaworthy, which is denied, would provide Stolthaven with a claim against Zarepta. The unseaworthiness argument is not responsive to any argument made by Zarepta, was not an allegation in the complaint, and is not a valid maritime claim against Zarepta.

### VI. Stolthaven Should Be Permitted The Final Submission

Stolthaven's sur-reply should be stricken as being submitted without permission, because it raises new issues, and because it does not respond to any new issues raised by Zarepta in its reply. However, if this Court accepts the sur-reply, Zarepta seeks leave to serve a reply thereto. Zarepta is the movant for the motion to vacate the maritime attachment and is entitled to have the final reply in response to arguments raised in opposition to the motion. *See* Local Civil Rules, R.6.1(a). Zarepta will await instructions of the Court before serving and filing a further reply but respectfully submits that it should be accorded five (5) business days to reply to the sur-reply. If Zarepta is not permitted to reply to Stolthaven's sur-reply, this will be "giving an unfair advantage" to Stolthaven which has used the sur-reply to present new arguments to the Court that should have been made in opposition to the motion. *Travelers*, 735 F. Supp. at 495.

*[handwritten:]* Application granted. Zarepta shall have until June 30, 2008 to submit a sur-sur reply. So ordered. 6/23/08 [signature] USDJ

Hon. Robert P. Patterson, Jr.
June 20, 2008
Page 5

For the reasons stated above, Zarepta respectfully requests that the Court strike Stolthaven's sur-reply as procedurally defective and lacking in merit. We have provided a "So Ordered" line for the Court to so order this letter should the Court agree with Zarepta's position.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____
Francesca Morris

SO ORDERED

_____
U.S.D.J.            Date

Enclosures

cc: Don P. Murnane, Jr., Esq.

# 5421411_v1