William J. Honan
Michael J. Frevola
Francesca Morris
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York  10007-3189
(212) 513-3200
E-mail: william.honan@hklaw.com
         michael.frevola@hklaw.com
         francesca.morris@hklaw.com

ATTORNEYS FOR DEFENDANT
ZAREPTA CHEMICAL KS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
STOLTHAVEN HOUSTON, INC.,

                              Plaintiff,

                                 08 Civ. 4327 (RPP)

          v.

RACHEL B, its engines, tackle apparel, etc., *in rem*,
and HILTVEIT ASSOCIATES, INC. and      **ANSWER OF DEFENDANT**
ZAREPTA CHEMICAL KS, *in personam*,      **ZAREPTA CHEMICAL KS**

                             Defendants.
------------------------------------------------------------------x

     Defendant ZAREPTA CHEMICAL KS ("Zarepta"), by its attorneys Holland & Knight LLP, making its restricted appearance under Rule E(8) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, as and for its Answer to the Verified Complaint of Plaintiff, STOLTHAVEN HOUSTON, INC. ("Stolthaven"), respectfully responds, on information and belief, as follows:

     1.    Denies that Stolthaven has any admiralty and maritime claim against Zarepta, but except as so denied, admits the allegations in paragraph 1 of the Complaint.

2.  Denies knowledge and information sufficient to form a belief as to the allegations in paragraph 2 of the Complaint.

3.  Denies knowledge and information sufficient to form a belief as to the allegations in paragraph 3 of the Complaint.

4.  Admits that MV Rachel B (the "Vessel") is an oil and chemical carrier, of which Zarepta is the registered owner and which has been on bareboat charter to Norfolk L.P. ("Norfolk") since delivery of the Vessel pursuant to a Bareboat Charter between Zarepta and Norfolk, dated May 25, 2004. On information and belief, Hiltveit Associates Inc. ("Hiltveit") is a General Partner of Norfolk and is the General Manager of the Vessel. Except as so admitted and stated, denies knowledge and information sufficient to form a belief as to the allegations in paragraph 4 of the Complaint.

5.  Denies knowledge and information sufficient to form a belief as to the allegations in paragraph 5 of the Complaint.

6.  Admits that Zarepta is a corporation organized and existing under the laws of a foreign country with a place of business c/o Fearnley Finans AS, Grev Wedels Plass 9, No-0151 Oslo, Norway and that Zarepta was and still is the registered owner of the Vessel. Except as so admitted, denies the remaining allegations in paragraph 6 of the Complaint.

7.  Denies that Zarepta entered into a contract of any kind with Stolthaven. Except as so denied, denies knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 7 of the Complaint.

8.  Denies that Zarepta received any notice from Stolthaven at 1406 hours on March 5 and, except as so denied, denies knowledge and information sufficient to form a belief as to the allegations in paragraph 8 of the Complaint.

9. Denies knowledge and information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint.

10. Denies knowledge and information sufficient to form a belief as to whether services were supplied directly to the Rachel B and, except as so stated, denies the remaining allegations in paragraph 10 of the Complaint.

11. Denies that Stolthaven demanded payment from Zarepta prior to filing suit and denies that any of the correspondence attached as Exhibits C and D to the Complaint were addressed or sent to Zarepta. Except as so denied, denies knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 11 of the Complaint.

12. Denies liability to Stolthaven for unpaid marine services. Except as so denied, denies knowledge and information sufficient to form a belief as to the allegations in paragraph 12 of the Complaint.

13. Admits that Zarepta cannot be found within the Southern District of New York and that certain funds in which Zarepta has an interest have been restrained by a garnishee in this district. Except as so admitted, denies knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 13 of the Complaint.

14. Denies that Stolthaven has any grounds for attaching assets of Zarepta and denies that Stolthaven has any claim against Zarepta.

(a) Denies that Stolthaven has any claim against Zarepta for unpaid marine services and denies that Stolthaven has provided any services to Zarepta.

(b) Denies that Stolthaven is entitled to any interest calculated on the amount claimed from Zarepta because Stolthaven has no claim against Zarepta.

15. Denies that Stolthaven has a maritime claim against Zarepta, and denies that there are any grounds for attaching Zarepta's assets as alleged in paragraph 15 of the Complaint.

16. Denies that Stolthaven is entitled to any relief against Zarepta as demanded in the *ad damnum* paragraphs of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. This Court lacks jurisdiction over the person of Zarepta which is a foreign corporation not doing business in New York.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. This Court lacks personal jurisdiction over Zarepta because of insufficient service of process.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

19. Stolthaven has failed to state a claim against Zarepta upon which relief can be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

20. Stolthaven has failed to join a necessary and indispensable party, Norfolk L.P., the bareboat charterer of the Vessel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

21. To the extent Stolthaven's claims arose from negligent or reckless acts of others, for which Zarepta is not responsible, Stolthaven may not recover from Zarepta.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

22. The Vessel was on bareboat charter to Norfolk pursuant to a bareboat charter between Norfolk and Zarepta, dated May 25, 2004 (the "Bareboat Charter").

23. Pursuant to the Bareboat Charter, Zarepta had no involvement in, responsibility or liability for, the operation of the Vessel at the time Stolthaven's claim is alleged to have arisen.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24. If Stolthaven sustained any economic loss or monetary damage, such loss and damage was caused or contributed to in whole or in part by Stolthaven or its agent's own negligent or reckless actions or omissions.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25. Stolthaven's claims are barred in whole or in part by the doctrines of unclean hands, estoppel and/or laches.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26. Stolthaven's claims are overstated in the level of security sought and provided by Zarepta and should be reduced to a reasonable sum.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27. Stolthaven will be unjustly enriched if allowed to recover against Zarepta on the claims alleged in the Complaint.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

28. Stolthaven has failed to mitigate its damages.

**WHEREFORE**, Defendant Zarepta Chemical KS respectfully requests that the Court:

1. Dismiss Plaintiff's claims against Zarepta in their entirety, holding that Zarepta is not liable for Plaintiff's claimed damages;

2. Dissolve this Court's Ex Parte Order for Process of Maritime Attachment; and,

3. Grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 11, 2008

                HOLLAND & KNIGHT LLP

                By: _Francesca Morris_
                William J. Honan
                Michael J. Frevola
                Francesca Morris
                195 Broadway
                New York, New York 10007-3189
                (212) 513-3200

                *Attorneys for Defendant*
                *Zarepta Chemical KS*

TO:   Don P. Murnane, Jr., Esq.
        Manual A. Molina, Esq.
        Freehill Hogan & Mahar, LLP
        80 Pine Street
        New York, New York 10005
        (212) 425-1900
        *Attorneys for Stolthaven Houston, Inc.*

\# 5422442_v2

William J. Honan
Michael J. Frevola
Francesca Morris
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007-3189
*ATTORNEYS FOR DEFENDANT ZAREPTA CHEMICAL KS*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STOLTHAVEN HOUSTON, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RACHEL B, its engines, tackle apparel, etc., *in rem*,<br>and HILTVEIT ASSOCIATES, INC. and<br>ZAREPTA CHEMICAL KS, *in personam*,<br><br>　　　　　　　　　　Defendants. | 08 Civ. 4327 (RPP)<br><br>**ATTORNEY'S AFFIRMATION<br>OF SERVICE VIA MAIL** |

State of New York　)
　　　　　　　　　　) SS.:
County of New York )

　　RUDY D. GREEN, an attorney admitted to practice in the Courts of the State of New York, affirms under penalty of perjury:

　　That on July 11, 2008, I served the attached Answer, by mailing true copies of the same in a duly enclosed and sealed wrapper with first-class postage prepaid thereon and addressed to:

　　Hiltveit Associates, Inc.
　　150 Motor Parkway
　　Hauppauge, NY 11788

　　Don P. Murnane, Jr., Esq.
　　Manual A. Molina, Esq.
　　Freehill, Hogan & Mahar, LLP
　　80 Pine St.
　　New York, N.Y. 10005

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　RUDY D. GREEN

Dated: July 11, 2008