William J. Honan
Michael J. Frevola
Francesca Morris
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007-3189
(212) 513-3200
E-mail: william.honan@hklaw.com
michael.frevola@hklaw.com
francesca.morris@hklaw.com

ATTORNEYS FOR DEFENDANT
ZAREPTA CHEMICAL KS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
:
STOLTHAVEN HOUSTON, INC.,                                               :
:
                         Plaintiff,                                               :
:
             v.                                                           :
                                                     :    08 Civ. 4327 (RPP)
RACHEL B, its engines, tackle apparel, etc., *in rem*, :
and HILTVEIT ASSOCIATES, INC. and                                       :
ZAREPTA CHEMICAL KS, *in personam*,                                     :
:
                         Defendant.                                              :
:
------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF ZAREPTA
CHEMICAL KS' MOTION FOR DETERMINATION
<u>OF AMOUNT OF ATTORNEYS' FEES AND COSTS</u>**

Defendant Zarepta Chemical KS, ("Zarepta"), submits this Memorandum of Law in support of its Motion for Determination of Amount of Attorneys' Fees and Costs. By this motion, Zarepta respectfully requests the Court to make a determination of the amount of attorneys' fees and costs that Stolthaven Houston, Inc. ("Stolthaven") is liable to Zarepta, and to amend the Opinion and Order (Docket No. 25) to include the amount of attorneys' fees and costs that Zarepta is entitled to recover against Stolthaven in the amount of $58,226.58.[1]

## BACKGROUND

The Court respectfully is referred to the Affidavit in Support of Motion for Determination of Amount of Attorneys' Fees and Costs of William J. Honan, dated August 14, 2008 ("Honan Affidavit") for a recitation of the background relevant to this Motion.

## ARGUMENT

## THE ATTORNEYS' FEES AND COSTS SOUGHT BY ZAREPTA ARE REASONABLE

It is Zarepta's burden to demonstrate that the attorneys' fees and disbursements sought are reasonable. *See New Shows, S.A. v. Don King Productions, Inc.,* 95 Civ. 8851, 2001 WL 668927, * 3 (S.D.N.Y. June 13, 2001).

It is well-established in this District that attorneys' fees are appropriately determined using the lodestar method. *Auscape Intern v. National Geographic Society,* 02 Civ. 6441 (LAK/HBP) 2003 WL 21976400, at *2 (S.D.N.Y. Aug. 19, 2003)(Pitman M.J.), *aff'd* 2003 WL 22244953 (S.D.N.Y. Sept. 29, 2003)(Kaplan, J.). Under the lodestar method "an attorney fee award is derived 'by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (citing *I.B. v. New York City Dep't of Educ.,* Docket Nos. 02-

---

[1] This figure includes the fees and costs detailed in the Affidavit of William J. Honan and exhibits annexed thereto. The fees and costs associated with the present application are not being sought.

7990, 02-7993, 2003 WL 21639069 at *1 (2d Cir. July 14, 2003), quoting *G.M. v. New Britain Bd. of Educ.,* 173 F.3d 77, 84 (2d Cir. 1999), which, in turn, quotes *Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989))(remaining citations omitted). Thus, the attorneys' fees sought by Zarepta herein are calculated using the lodestar method.

### A.  Reasonable Hourly Rates

In determining a reasonable hourly rate, courts look to rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Davis v. New York City Housing Authority,* Docket nos. 90 Civ. 628 (RWS), 92 Civ. 4873 (RWS), 2002 WL 31748586 (S.D.N.Y. Dec. 6, 2002)(citing *Gierlinger v. Gleason,* 160 F.3d 858, 882 (2d Cir. 1998)(quoting *Blum v. Stenson,* 465 U.S. 886, 896 n. 11 (1984)).

Zarepta seeks fees based on hourly rates ranging from $235.00 to $550.00 per hour for attorneys, hourly rates ranging from $180.00 to $190.00 for paralegals, and hourly rates ranging from $110.00 to $215.00 for managing clerks, all of whom worked on the matter. (Honan Affidavit, ¶¶ 21- 29).

The credentials of the individual attorneys who worked on this matter are as follows:

William J. Honan is a partner at Holland & Knight LLP ("H&K") and has been a member of the bar for 38 years. (*Id.,* ¶ 21).

Michael J. Frevola is a partner at H&K and has been a member of the bar for 12 years. (*Id.,* ¶ 23).

Francesca Morris is a partner at H&K and has been a member of the bar for 9 years. (*Id.,* ¶ 22).

Lissa D. Schaupp is an associate at H&K, has been a member of the bar for two years, and has worked at H&K since 2004 when she began as a summer associate. (*Id.,* ¶ 24).

2

Case law supports the conclusion that the rates charged by H&K to Zarepta are "presumptively reasonable fee[s]." "[A] movant may obtain higher compensable rates if represented by a large urban firm, since such firms typically charge more per hour to cover a higher overhead." *Algie v. RCA Global Comm'ns, Inc.*, 891 F. Supp. 875, 895 (S.D.N.Y. 1994); *see also, e.g., Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058-59 (2d Cir. 1989).

Given the experience and skill of Mr. Honan and the other partners, associates and paralegals on the case, the requested rates are in line, if not below those of other New York law firms. See *Malletier v. Dooney & Bourke, Inc.*, 04 Civ. 5316, 2007 WL 1284013, at *4 (S.D.N.Y. Apr. 24, 2007) (awarding a rate of $700 an hour rate for a senior partner, 1969 law school graduate, $600 to a partner and 1987 graduate, $400 for a fifth year associate, and $250 for a second year associate); *Auscape Intern*, 2003 WL 21976400, at *5 (approving hourly rates of $450-$495 for partners, $215-$320 for junior associates, $130 for a paralegal, and $315-$330 for managing attorneys); *National Distillers Products Co., LLC v. Refreshment Brands, Inc.*, 00 Civ. 8418 (NRB), 2002 WL 1766548, at *2 (S.D.N.Y. July 30, 2003)(approving then-existing hourly rates of $350-$405 for partners, $215-$295 for associates, and $170 for paralegals); *Diaz v. Paragon Motors of Woodside, Inc.*, No. 03 CV 6466, 2007 WL 2903920, at *4 (E.D.N.Y. Oct. 1, 2007) (noting that eighth-year associates billed from $310 to $375 per hour); *Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 WL 1373118, at *4 (S.D.N.Y. May 8, 2007) (awarding sixth-year associate hourly rate of $300); *New York State NOW v. Pataki*, No. 93 Civ. 7146, 2003 WL 2006608, at *2-3 (S.D.N.Y. Apr.30, 2003) (awarding $430 and $400 to principal attorneys).

3

Because the hourly rates sought by Zarepta for the attorneys, paralegals and managing attorneys of H&K are comparable with the prevailing rates in this District for comparable services, they constitute reasonable hourly rates for the lodestar fee calculation.

**B.   Hours Reasonably Expended**

As is required with an motion for attorneys' fees, Zarepta has submitted contemporaneous time records for all attorneys and other timekeepers who worked on Zarepta's Motion to Vacate. (Honan Affidavit, Exh. A); *Auscape Intern*, 2003 WL 21976400, at *3 (citing *New York State for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983)). Submitting an affidavit of an attorney involved in the matter and attaching a computer printout of the pertinent contemporaneous time records, as Zarepta did in this case, meets the evidentiary threshold for the recovery of attorneys' fees. *Auscape Intern*, 2003 WL 21976400, at *3 (citing *Tri-Star Pictures v. Unger*, 42 F.Supp.2d 296, 302-03 (S.D.N.Y. 1999).

To determine the reasonableness of the number of hours for which recovery is sought, a court examines "the hours expended by counsel and value of the work product." *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998). With respect to the value of the work product, "the quality of representation is best measured by results." *In re Bisys Securities Litigation*, No. 04 Civ. 3840, 2007 WL 2049726 (S.D.N.Y. July 16, 2007). Here, H&K billed Zarepta for 165.1[2] hours worked between June 9 and July 1 that resulted in this Court vacating the attachment of $318,310.17 of Zarepta's funds. (Honan Affidavit ¶¶ 4, 8, 17).

As the Second Circuit directed in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008):

> [T]he district court should, in determining what a reasonable, paying client would be willing to pay, consider factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other

---

[2] This number does not include time in connection with this fee application.

4

> counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case . . . and other returns (such as reputation, etc.) that an attorney might expect from the representation.

As is described in detail in the affidavit of William J. Honan, Zarepta's Motion to Vacate was briefed on an accelerated schedule that was protracted due to Stolthaven's additional and unauthorized briefing and unwarranted additional arguments. (Honan Affidavit, ¶¶ 30, 31). Stolthaven made many arguments in its attempts to support its contention that the parties' bareboat charter was in fact not a bareboat charter. (*Id.*, ¶ 32). These arguments could not remain unanswered.

In assessing the reasonableness of the hours claimed by Zarepta in its fee application, it is appropriate for this Court to look to "its own familiarity with the case and its experience generally . . . Because attorneys' fees are dependent on the unique facts of each case, the resolution of the issue is committed to the discretion of the court." *AFP Imaging Corp. v. Phillips Medizin Sys.*, No 92 Civ. 6211 (LMM), 1994 WL 698322, at *1 (S.D.N.Y. Dec. 13, 1994)(quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)(quoting *DiFilippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985).

Based on the time and work as documented in the contemporaneous time records submitted by H&K in support of its attorneys' fees application and considering the unique facts of this case including Stolthaven's unrelenting argument strategy, the total hours sought by Zarepta for services provided by the attorneys, paralegals, and managing attorneys of H&K constitute a reasonable number of hours for the lodestar fee calculation.

C.  **Reasonable Disbursements Incurred**

Even though this Court did not rule on whether the costs of Zarepta's Motion to Vacate should be reimbursed, it is within this Court's discretion to award Zarepta its costs under Rule

5

54(d)(2)(B). Accordingly, Zarepta respectfully requests that the costs incurred for Westlaw usage, copying, long distance telephone calls, obtaining the oral argument transcript, and late night transportation in the amount of $2,514.33 be added to the amount Stolthaven is required to pay Zarepta for its attorneys' fees

The Westlaw computer research costs incurred during the preparation of Zarepta's Motion to Vacate and sought by Zarepta from Plaintiff are reasonable. The Second Circuit has held that "computer research is merely a substitute for an attorney's time that is compensable under an application for attorneys' fees." *National Distillers Products,* 2002 WL 1766548, at *2 n. 6 (quoting *United States ex re. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.,* 95 F.3d 153, 173 (2d Cir. 1996)).

The nature and amount of the other disbursements sought by Zarepta is listed in detail as Exhibit A to the Honan Affidavit.

## CONCLUSION

Zarepta Chemical KS is entitled to its attorneys' fees in the amount of $55,712.25, and other costs in the amount of $2,514.33, incurred in preparing and prosecuting its Motion to Vacate the Attachment, which together total $58,226.58. The expenses incurred, the time billed by counsel, and the rates charged were all reasonable given the scheduling, complexity of the case, the opposition faced, and the value of legal services in the New York market. Accordingly, this Court should grant Zarepta's application in its entirety, together with such other relief it deems just and proper.

Dated: August 14, 2008
      New York, New York

                      HOLLAND & KNIGHT LLP

                      By: _____
                          William J. Honan
                          Michael J. Frevola
                          Francesca Morris

                          195 Broadway
                          New York, New York  10007-3189
                          (212) 513-3200

                          *Attorneys for Defendant*
                          *Zarepta Chemical KS*

\# 5536198_v1