**DeORCHIS & PARTNERS, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STOLTHAVEN HOUSTON, INC.,

               Plaintiff,                              08 CIV. 4327

    -against-                                    **VERIFIED ANSWER AND**
                                                          **THIRD-PARTY COMPLAINT**
RACHEL B, its engines, tackle apparel, etc.,
*in rem*, and HILTVEIT ASSOCIATES, INC.,
and ZAREPTA CHEMICAL KS, *in personam*,

               Defendants.
------------------------------------------------------------X
RACHEL B, its engines, tackle apparel, etc.,
*In rem*, and HILTVEIT ASSOCIATES, INC.,
and ZAREPTA CHEMICAL KS, *in personam*,

               Third Party Plaintiffs,

    -against-

MERISOL USA LLC,

               Third Party Defendant.
------------------------------------------------------------X

      Defendant and Third Party Plaintiff, HILTVEIT ASSOCIATES, INC. ("HILTVEIT"), by its attorneys, DeOrchis & Partners, LLP, as and for its Verified Answer to Plaintiff's Verified Complaint, alleges upon information and belief as follows:

    1.    Admits the allegations contained in Paragraph 1 of Plaintiff's Verified Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Verified Complaint.

3.  Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Verified Complaint.

4.  Admits that the M/T RACHEL B was and now is a merchant tank vessel that was at relevant times managed by HILTVEIT and was and still is owned by Zarepta Chemical KS ("Zarepta"), but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Verified Complaint.

5.  Admits that at all relevant times HILTVEIT is a New York corporation with an office and place of business at 150 Motor Parkway, Hauppauge, NY 11788 and was the manager of the M/T RACHEL B, but except as so specifically admitted, denies each and every other allegation contained in Paragraph 5 of Plaintiff's Verified Complaint.

6.  Admits the allegations contained in Paragraph 6 of Plaintiff's Verified Complaint.

7.  Admits that the RACHEL B berthed at a dock at Plaintiff's Houston, Texas terminal (the "Terminal") on March 4, 2008, and that while berthed at the Terminal's dock, the Vessel was detained by the United States Coast Guard, and that the vessel was not allowed by the Coast Guard to vacate the said berth until approximately 2200 hours on March 7, 2008, but except as so specifically admitted, denies each and every other allegation contained in paragraph 7.

8.  Admits that on March 5, 2008, Terminal representatives sent an email requesting that the RACHEL B vacate the #2 dock at the Terminal and that the RACHEL B could not vacate the #2 dock by order of the United States Coast Guard and due to a lack of cooperation by Plaintiff to facilitate necessary repairs, but except as so specifically admitted, denies each and every other allegation contained in paragraph 8 of the Verified Complaint.

9. Denies each and every allegation contained in paragraph 9 of Plaintiff's Verified Complaint.

10. Denies each and every allegation contained in paragraph 10 of Plaintiff's Verified Complaint.

11. Admits that Plaintiff has demanded payment and that the amounts demanded have not been paid by Defendant HILTVEIT, but except as so specifically admitted, denies each and every other allegation contained in paragraph 11 of Plaintiff's Verified Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Verified Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Verified Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Verified Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Verified Complaint.

**AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS SET FORTH IN THE VERIFIED COMPLAINT, DEFENDANT HILTVEIT ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

16. Repeats and realleges each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

## FIRST AFFIRMATIVE DEFENSE

17. The verified complaint fails to state a cause of action upon which relief can be granted as against Defendant HILTVEIT which at all times acted solely as agent for a disclosed principal, and not as an owner or operator of the M/T RACHEL B.

## SECOND AFFIRMATIVE DEFENSE

18. If any loss and/or damage was sustained by plaintiff as alleged in the Plaintiff's Verified Complaint, which is specifically denied, said loss and/or damage was solely caused by or contributed to by the fault, neglect, acts or omissions, breach of express and implied warranties, breach of bailment or breach of contract on the part of Plaintiff or its agents or was caused by the acts or omissions of other persons or entities for whom Defendant HILTVEIT is neither responsible nor liable.

## THIRD AFFIRMATIVE DEFENSE

19. Venue of this action in this Court is improper.

## FOURTH AFFIRMATIVE DEFENSE

20. This District is an inconvenient forum for a trial of this action and this action should, therefore, be dismissed on the ground of *forum non conveniens*.

## FIFTH AFFIRMATIVE DEFENSE

21. This Court lacks in rem jurisdiction over the Vessel.

## SIXTH AFFIRMATIVE DEFENSE

22. This Court lacks in personam jurisdiction over defendant HILTVEIT by reason of insufficient service or process.

## SEVENTH AFFIRMATIVE DEFENSE

23. There is no privity of contract between Plaintiff and Defendant HILTVEIT.

## EIGHTH AFFIRMATIVE DEFENSE

24. Plaintiff has failed to mitigate its damages, if any.

## NINTH AFFIRMATIVE DEFENSE

25. Plaintiff was contributorily negligent in the events giving rise to the claims allegedly asserted herein and thus Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff's own negligence.

## TENTH AFFIRMATIVE DEFENSE

26. This Court lacks subject matter jurisdiction by reason of Plaintiff's failure to join indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## ELEVENTH AFFIRMATIVE DEFENSE

27. Defendant HILTVEIT owes no duty, contractual or otherwise, to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

28. The terms and conditions of the "Stolthaven Houston Inc. Marine Tariff" annexed to Plaintiff's Verified Complaint as Exhibit A, including but not limited to the Layberth Charges Clause, are not part of any contracts between Plaintiff and Defendant HILTVEIT, the Vessel or the Vessel's Owners, Operators or Bareboat Charterers and are thus unenforceable.

## THIRTEENTH AFFIRMATIVE DEFENSE

29. Defendant HILTVEIT, the Vessel, and the Vessel's Owners and Bareboat Charterers had no notice or insufficient notice of the terms and conditions of the Stolthaven Houston Inc. Marine Tariff.

## FOURTEENTH AFFIRMATIVE DEFENSE

30. The Stolthaven Houston Inc. Marine Tariff is a contract of adhesion and should be interpreted against the party who drafted it.

### FIFTEENTH AFFIRMATIVE DEFENSE

31.     The Stolthaven Houston Inc. Marine Tariff is not binding and is void or voidable by virtue of not being signed or properly executed.

### SIXTEENTH AFFIRMATIVE DEFENSE

32.     Some or all of the terms and conditions of the Stolthaven Houston Inc. Marine Tariff, including but not limited to the Layberth Charges Clause, are unreasonable, NOT reasonably related to actual or expected damages, unconscionable, against public policy, punitive, a penalty, and hence unenforceable, void or voidable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

33.     The Vessel's prolonged detention and inability and/or failure to vacate the berth was caused and/or contributed to by the acts, omissions, fault, neglect, willful, wanton, and deliberate acts by Plaintiff to prevent access to the vessel by repairmen and otherwise hinder necessary repair efforts.

### EIGHTEENTH AFFIRMATIVE DEFENSE

34.     The Vessel's prolonged detention and inability and/or failure to vacate the berth was the result of an order of the United States Coast Guard, a governmental restriction, a restraint of princes or rulers, and/or other such act of government or administration for which the Vessel, the Bareboat Charterers, and Defendant HILTVEIT is not liable or responsible.

### AS AND FOR A THIRD-PARTY COMPLAINT AGAINST THIRD PARTY DEFENDANT MERISOL USA LLC, DOES 1-10, inclusive,

COME NOW Defendant and Third-party Plaintiff, HILTVEIT ASSOCIATES, INC. (hereinafter "HILTVEIT") and alleges as follows:

## JURISDICTION

35. This Court has jurisdiction over this third-party complaint because it arises out of the transaction or occurrence that is the subject matter of the original action, and HILTVEIT alleges that the third-party defendant is or may be liable to HILTVEIT for all or part of the claims asserted against HILTVEIT in the original action. Alternatively, this Court has supplemental jurisdiction over HILTVEIT's third-party complaint. See Fed. R. Civ. P. 13(g), 28 U.S.C. § 1367(a).

## GENERAL ALLEGATIONS

36. HILTVEIT is and at all material times herein was a corporation duly organized and existing according to New York law with an office and place of business at Hauppauge Corporate Center. 150 Motor Parkway, Hauppague, NY 11788

37. HILTVEIT is informed and believes, and thereon alleges, that third-party defendant MERISOL USA LLC ( hereinafter "MERISOL") is, and at all times relevant herein was, a corporation doing business in the state of Texas with offices at 1914 Haden Road, Houston, Texas 77015.

38. STOLTHAVEN HOUSTON, INC. (hereinafter "STOLTHAVEN") filed a verified complaint in this court against HILTVEIT alleging that HILTVEIT caused damage to STOLTHAVEN. A copy of that verified complaint is attached hereto as Exhibit "A." HILTVEIT has responded to STOLTHAVEN's verified complaint herein by denying any liability on its part and by asserting various affirmative defenses.

39. HILTVEIT is informed and believes, and thereon alleges, that third-party defendant MERISOL USA LLC was negligent or in breach of contract or in some other actionable manner legally responsible for the events and happenings referred to in

STOLTHAVEN's complaint, and for proximately causing the damages and/or loss incurred by STOLTHAVEN, if any, as alleged in its complaint.

## FIRST CAUSE OF ACTION

### *Indemnification against the Third-Party Defendants*

40. HILTVEIT realleges as though fully set forth at length and incorporated herein by this reference all of the allegations of paragraphs 35 through 39, inclusive, of the general allegations of its third-party complaint.

41. HILTVEIT is informed and believes, and thereon alleges, that it is in no way responsible for the injuries or damages alleged in STOLTHAVEN's verified complaint. But if HILTVEIT is nevertheless found liable under any legal theory for any damages or injuries alleged in the lawsuit, then HILTVEIT is informed and believes, and thereon alleges, that the negligent or other actionable conduct or activity of the Third-Party Defendant was active, primary, and affirmative, and that any negligent or other actionable conduct or activity on the part of HILTVEIT, if any, was, at most, only passive, derivative, and secondary.

42. Accordingly, if HILTVEIT is held liable for any part of the claims asserted against it, HILTVEIT is entitled to total indemnification from the Third-Party Defendants so that HILTVEIT can recoup from and be reimbursed by the Third-Party Defendant any sum or sums that HILTVEIT must pay to STOLTHAVEN or to any other party to this action.

43. By reason of the foregoing allegations, HILTVEIT has incurred and/or paid expenses for the defense of STOLTHAVEN's complaint, including, but not limited to, attorneys' fees, court costs, expenses, and damages. HILTVEIT will also likely incur future additional attorneys' fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action. Based on the foregoing, HILTVEIT seeks and is entitled to be

indemnified and held harmless by the Third-Party Defendant for HILTVEIT' attorneys' fees, court costs, expenses, and damages incurred, paid, and/or owing. The aforementioned expenses are continuing and the aggregate amount is not presently known to HILTVEIT, which prays leave to amend its third-party complaint to assert the true amount of such expenses when they have finally been ascertained.

## SECOND CAUSE OF ACTION

### *Partial Equitable Indemnification against the Third-Party Defendants*

44. HILTVEIT realleges as though fully set forth at length and incorporated herein by this reference all of the allegations of paragraphs 35 through 43, inclusive, of the general allegations of its third-party complaint.

45. HILTVEIT is informed and believes, and thereon alleges, that it is in no way responsible for the injuries or damages alleged in STOLTHAVEN's complaint. But if HILTVEIT is nevertheless found liable under any legal theory for any damages or injuries alleged in STOLTHAVEN's complaint, then HILTVEIT is informed and believes, and thereon alleges, that the negligent or other actionable conduct or activity of the Third-Party Defendant was, at least in part, the contributing and substantial proximate cause of STOLTHAVEN's damages and injuries, if any.

46. By reason of the foregoing allegations, HILTVEIT will be damaged to the extent that it must pay any sum, or any sum in excess of its proportionate share of liability, if any, as assessed by the trier of fact.

47. Accordingly, if HILTVEIT were to be held liable for any part of the claims asserted against it, HILTVEIT would be entitled to partial equitable indemnification by the Third-Party Defendants in proportion of its share of the liability, so that HILTVEIT would avoid

9

payment of any sum or sums to or any other party, or any sum in excess of HILTVEIT' proportionate share of liability, if any.

48.  By reason of the foregoing allegations, HILTVEIT has incurred and/or paid expenses for the defense of the above-captioned lawsuit, including, but not limited to, attorneys' fees, court costs, expenses, and damages.  HILTVEIT will also likely incur future additional attorneys' fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action.  Based on the foregoing, HILTVEIT seeks and is entitled to be indemnified and held harmless, at least in part, by the Third-Party Defendants, and each of them, for HILTVEIT' attorneys' fees, court costs, expenses, and damages incurred, paid, and/or owing.  The aforementioned expenses are continuing and the aggregate amount is not presently known to HILTVEIT, which prays leave to amend its third-party complaint to assert the true amount of such expenses when they have finally been ascertained.

### THIRD CAUSE OF ACTION

#### *Contribution against the Third-Party Defendants*

49.  HILTVEIT realleges as though fully set forth at length and incorporated herein by this reference all of the allegations of paragraphs 35 through 48, inclusive, of the general allegations of its third-party complaint.

50.  HILTVEIT is informed and believes, and thereon alleges, that it is in no way responsible for the injuries or damages alleged in STOLTHAVEN's complaint.  But if HILTVEIT is nevertheless found liable under any legal theory for any damages or injuries alleged in the complaint, then HILTVEIT is informed and believes, and thereon alleges, that the negligent or other actionable conduct or activity of the Third-Party Defendant was the contributing and substantial proximate cause of STOLTHAVEN's damages and injuries, if any.

51.  By reason of the foregoing allegations, HILTVEIT will be damaged to the extent that it must pay any sum, or any sum in excess of its proportionate share of liability, if any, as assessed by the trier of fact.

52.  Accordingly, if HILTVEIT were to be held liable for any part of the claims asserted against it, HILTVEIT would be entitled to contribution by the Third-Party Defendant in proportion to its share of the liability, so that HILTVEIT would avoid payment of any sum or sums to STOLTHAVEN, or any sum in excess of HILTVEIT's proportionate share of liability, if any.

53.  By reason of the foregoing allegations, HILTVEIT has incurred and/or paid expenses for the defense of the above-captioned lawsuit, including, but not limited to, attorneys' fees, court costs, expenses, and damages. HILTVEIT will also likely incur future additional attorneys' fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action. Based on the foregoing, HILTVEIT seeks and is entitled to be indemnified and held harmless by the Third-Party Defendant for HILTVEIT's attorneys' fees, court costs, expenses, and damages incurred, paid, and/or owing. The aforementioned expenses are continuing and the aggregate amount is not presently known to HILTVEIT, which prays leave to amend its third-party complaint to assert the true amount of such expenses when they have finally been ascertained.

WHEREFORE, Defendant and Third-Party Plaintiff, HILTVEIT, prays:

a)   That the Court adjudge that it has no liability for any loss or damage alleged in the Complaint and that it has and recover from Plaintiff its costs of defense incurred herein;

b)   that the Complaint be dismissed;

AND if liability is found against them:

    c)    For a judgment against the Third-Party Defendant by way of total indemnification for any sum adjudged against HILTVEIT, if any, in favor of STOLTHAVEN;

    d)    For a judgment against the Third-Party Defendant by way of contribution and/or partial equitable indemnification, according to proof of contributory and/or comparative liability for any sum adjudged against HILTVEIT, if any, in favor of STOLTHAVEN, or any other parties herein, which sum is in excess of the proportionate share of HILTVEIT' liability, if any, as assessed by the trier of fact;

    e)    For a judgment against the Third-Party Defendant for HILTVEIT's attorneys' fees, court costs, expenses, and damages incurred in the litigation against STOLTHAVEN, and expense and other costs of suit incurred herein; and

    f)    For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 25, 2008

                                            **DeORCHIS, & PARTNERS, LLP**
                                            Attorneys for Defendant and Third-Party Plaintiff
                                            HILTVEIT ASSOCIATES, INC.

                                            By: _____
                                            **William E. Lakis (WL-9355)**
                                            61 Broadway, 26th Floor
                                            New York, New York 10006-2802
                                            (212) 344-4700
                                            Our File: 2279-2

T O :  FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Plaintiff*
STOLTHAVEN HOUSTON, INC.
88 Pine Street
New York, New York 10008
(212) 425-1900
Attn:  Don P. Murname, Jr., Esq.
       Manuel A. Molina, Esq.

HOLLAND & KNIGHT
*Attorneys for Defendant*
ZAREPTA CHEMICAL KS
195 Broadway
New York, New York 10007
(212-513-3200)
Attn:  William J. Honan, Esq.
       Michael J. Frevola, Esq.
       Francesca Morris, Esq.

## ATTORNEY VERIFICATION

I, **WILLIAM E. LAKIS**, declare and state:

I am associated with the firm of DeOrchis & Partners, attorneys for Defendant and Third Party Plaintiff in this action. I have read the foregoing Verified Answer and Third Party Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

The reason this verification is made by deponent and not by said defendant is that said defendant is outside of the District.

The sources of deponent's information, and the grounds for his belief are as to those matters stated in the Verified Answer and Third Party Complaint to be alleged on information and belief, are communications with representatives of said defendant.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2008

_____
WILLIAM E. LAKIS